PETE ENCINAS V. STATE

No. 27,508. March 30, 1955

No attorney for appelant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for a second offense of driving an auto-

mobile upon a public highway while intoxicated; the punishment, 2 years in the penitentiary.

The evidence, viewed from the standpoint of the state, shows that appellant was riding in his automobile upon the highway named in the indictment, the other occupant of the car being his wife.

Texas State Highway Patrolman, Joe T. Kulp, while driving on this highway, met appellant's car which, at the time, crossed the center line of the highway and forced the car Kulp was driving off the pavement.

Kulp immediately turned his car around and pursued appellant's car, blinking his lights and sounding his horn until the pursued car pulled off the highway and stopped.

Appellant was identified by Kulp as the driver of the car, and the evidence shows without question that appellant was drunk. Kulp drove appellant's car and took appellant to the county jail.

Mrs. Encinas testified that she was driving the car until it pulled off the highway and that appellant slid under the wheel after the car stopped and immediately before the officer drove up behind them.

The jury accepted the state's version and the testimony sustains its finding that appellant was driving the car.

A judgment was offered in evidence showing the conviction of Pete Encinias for "driving a motor vehicle on the highway while intoxicated," in the court and cause number set out in the indictment, and the complaint and information were also offered.

Objection was urged because the information did not show the name of the county attorney signed thereto or the name of the county following the place for signature, and because of the difference in spelling of the name of the defendant therein and the name of appellant.

Appellant was identified as the person charged and convicted in the former cause described in the indictment and shown in the evidence, and the variance in the name was immaterial.

The absence of the signature of the county attorney on the information is a matter of form and does not vitiate the information purporting on its face to be presented by a proper officer. Art. 512 C.C.P.; Hill v. State, 151 Texas Cr. Rep. 299, 207 S.W. 2d 413.

Appellant filed a motion for continuance because of the absence of a witness, which was overruled, and appellant excepted.

The motion for new trial complains that the motion was not granted, but we find no affidavit from the witness as to what he would have testified, had he been present. In the absence of such showing, the trial judge was not without authority to conclude that had the witness been present he would not have testified as alleged in the motion for continuance. See Morris v. State, 158 Texas Cr. Rep. 516, 251 S.W. 2d 731.

The remaining bills of exception have been considered and we find no reversible error in the record.

The judgment is affirmed.