## S. M. GAINES v. STATE

No. 34,880.    October 24, 1962

*John B. McDonald,* Palestine, and *Charles W. Tessmer,* Dallas, for appellant.

*Ernest Swift,* County Attorney, Palestine, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of unlawfully transporting an alcoholic beverage in a dry area, with two prior convictions for offenses of like character alleged for the purpose of enhancement, and his punishment was assessed at six months' confinement in jail and a fine of $500.

A prior appeal from the conviction to this Court was dismissed for want of jurisdiction, because no final judgment had been entered of record. See: Gaines v. State, 171 Texas Cr. Rep. 638, 353 S.W. 2d 34.

This is an appeal from the subsequent entry of judgment nunc pro tunc in the cause.

The record reflects that the information was not presented by the prosecuting attorney but was in the form of an affidavit by the affiant, who signed the complaint.

Art. 414, V.A.C.C.P., prescribes the requisites of an information and in subdivision 3 provides "That it appear to have been presented by the proper officer."

It is well settled in this state that an information which does not appear to have been presented by the prosecuting attorney is fatally defective and insufficient. Sams v. State, 143 Texas Cr. Rep. 588, 160 S.W. 2d 265, and Walton v. State, 162 Texas Cr. Rep. 262, 284 S.W. 2d 373. For such reason, the information in the instant case is insufficient.

Our state's attorney before this court so concedes, and confesses error.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.