Gene Lafette MARABLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 37495.

Court of Criminal Appeals of Texas.

Jan. 13, 1965.

James B. Turner, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Cletus A. Davis and Bohn Phillips, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The appeal is from a conviction for aggravated assault upon Barbara Prescott with premeditated design and by the use of means calculated to inflict great bodily harm, to-wit: "a salt shaker and her feet." (Art. 1147, Sec. (8), Vernon's Ann.P.C.) Appellant was found guilty by the jury and her punishment was assessed at 30 days in jail and a fine of $100.

Barbara Prescott, the injured party, was employed as a bar maid at La Bomba Lounge owned by George A. Nash and managed by Don Reed.

The appellant, a nurse, had frequented the Lounge on previous occasions when disturbances had occurred and had been barred from the Lounge by the owner and had been told by Don Reed "not to come in there any more."

In company of her friend Dena Williams, appellant came into the Lounge about 10 P.M. and, after going to the rest room, which she stated was their reason for entering the Lounge, they came over to the bar and Dena Williams sat down and ordered a beer.

Barbara, the bar maid, had been instructed by Don Reed not to serve either of the women because they were drunk and appellant was barred from the Lounge. Barbara remained behind the bar where she had what appeared to be a pistol, but which was in fact a blank pistol with a plugged barrel.

The manager, Don Reed, told the two women to get out and appellant argued as to why they would not serve Dena Williams. Officers were called, but before they arrived the appellant threw what is described as a regular cafe-restaurant size salt shaker, approximately $1\frac{1}{4}$ inches around and $2\frac{1}{2}$ inches tall, with a metal cover, striking Barbara in the mouth and knocking her down. While she was down on her back, appellant came behind the bar and kicked or stomped Barbara in the face.

The manager, Don Reed, came behind the bar after the assault and there suffered a fatal heart attack. When the officers arrived the appellant was giving him mouth to mouth resuscitation.

Appellant's claim of self-defense raised by the evidence was rejected by the jury.

The evidence, viewed from the state's standpoint, shows: Barbara Prescott, the injured party, testified that when Don Reed said something about calling the police, the appellant said " 'Nobody is going to call the law.' And she said 'If you open your mouth, I will get you too.' And she pointed at me."

Don or someone said "You better leave her alone. She has got a gun behind the bar and she will use it."

Barbara picked up the blank pistol but Don said "Lay the gun down" and she dropped it. The next thing she knew, the appellant lunged at her and threw the salt shaker and, after stunning her and knocking her down, stomped her in the face. Her lips were cut and a cap on a front tooth was broken.

There was other testimony that Barbara "was just standing there" when she was assaulted. Barbara testified that she never threatened appellant with the pistol nor spoke a word to her "during the whole ordeal."

There was testimony that both the appellant and her companion were intoxicated.

■ The evidence, viewed in the light most favorable to the verdict, is sufficient to sustain the conviction. Ohlrich v. State, 162 Tex.Cr.R. 502, 287 S.W.2d 478.

The principal ground upon which reversal is sought is the overruling of appellant's motion for continuance based upon the absence of witnesses.

■ The overruling of the motion for continuance was not complained of in appellant's motion for new trial and no af-

fidavit of the witnesses is found in the record. The overruling of the motion for new trial shows no error. Parsons v. State, 160 Tex.Cr.R. 387, 271 S.W.2d 643; Encinas v. State, 161 Tex.Cr.R. 293, 276 S.W. 2d 817; Morris v. State, 158 Tex.Cr.R. 516, 251 S.W.2d 731.

The informal bills have been considered and no reversible error appears.

The judgment is affirmed.