Clarence BAKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 43751.

Court of Criminal Appeals of Texas.

May 26, 1971.

Frank Coffey, Dist. Atty., R. J. Adcock, Grant Liser, and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of attempting to pass as true a forged instrument; the punishment was assessed by the court at four years.

Appellant alleges two grounds of error.

First, the contention is that: "The Trial Court reversibly erred in overruling appellant's First Formal Motion for Continuance."

The motion for continuance was based on the absence of a defense witness.

Article 29.06, Sec. 6, V.A.C.C.P., states, in part:

"If a motion for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the motion was of a material character, and that the facts set forth in said motion were probably true, a new trial should be granted, and the cause continued or postponed to a future day of the same term."

No motion for new trial appears in the record; such motion is a prerequisite to raising this ground of error on appeal. Mitchell v. State, Tex.Cr.App., 466 S.W.2d 786; Marable v. State, Tex.Cr.App., 385 S.W.2d 676; Massoletti v. State, 165 Tex. Cr.R. 120, 303 S.W.2d 412. However, even if we can properly consider this contention, Article 29.06, Sec. 6, supra, also states:

"The truth of the first, or any subsequent motion, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right."

H. Edward Johnson, Fort Worth, on appeal only, for appellant.

The indictment alleges the date of the offense as on or about April 12, 1969. The trial commenced on April 9, 1970, which was the second setting of the case; the docket sheet shows another setting on February 19, 1970, with a notation "Passed for Defendant" on that date. The Clerk testified that, "He (appellant) posted bond of the amount of $2,000.00 on April the 20th of 1969; Mr. Joe Johnson." [1]

On November 7, 1969, a subpoena was issued by the appellant for Curtis Fuller as a witness for another case against appellant, set for the same date of trial. The bailiff testified that he had made at least 12 trips "to his father's house, to his grandmother's home and his girl friend's," and had been unable to serve the said subpoena on the witness.

A hearing was conducted on the motion for a continuance and the record reflects the following:

"Q. (BY MR. ADCOCK) So Curtis Fuller never really told you anything about his activities in this forgery, or this attempting to pass a forged instrument?

"A. (The Defendant) Well, a person that he was with told me he was coming down here.

"Q. But he never told you anything?

"A. No, sir.

"Q. Of your own knowledge to this day, I take it, sir, that you do not know whether or not Curtis Fuller really had anything to do with it?

"A. Well, I know he told—

"Q. I mean, of your own knowledge.

"A. No, I do not."

During the trial, counsel for appellant showed several witnesses a photograph of Curtis Fuller and asked them if it resembled the appellant. One witness answered, "Vaguely, yes." Another answered, "There is a resemblance"; another, "It resembles him, but it is not him, sir," then this witness was asked if he was positive about his identification of appellant and he answered, "I am certain"; still another witness answered, "No sir, it doesn't" and he also made positive identification of appellant.

■ We conclude that the trial court did not abuse its discretion by overruling the motion for continuance. Robinson v. State, Tex.Cr.App., 454 S.W.2d 747; Thames v. State, Tex.Cr.App., 453 S.W.2d 495.

Ground of error number one is overruled.

Next, appellant contends error was committed by admitting an extraneous offense into evidence.

■ The record reflects that appellant presented for cash Ace Machine Tool Company check No. 199 in the amount of $95.18 to a cashier at Leonard's Store in Ft. Worth. The check was made payable to Michael D. Middlebrook and signed by Earnest E. Lanson (a forgery). The cashier had been alerted regarding checks on this company because check No. 198, made payable to Orien Brown Montgomery (also with the payor's name being a forgery) had been presented at the store. When appellant was arrested, he had in his possession a Temporary Driver's License with the name Orien Brown Montgomery thereon. This clearly showed appellant's relationship to the name of Orien Brown Montgomery and the exhibit (check No. 198) was admissible into evidence to show intent, identity, system, scheme and design. Gregory v. State, Tex.Cr.App., 449 S.W.2d 248; Williams v. State, Tex.Cr.App., 398 S.W.2d 931; Bergman v. State, Tex.Cr.App., 370 S.W.2d 895.

Ground of error number two is overruled.

There being no reversible error, the judgment is affirmed.

1. Who was apparently retained counsel from that date through the trial.