**David Cowman WHITLOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49460.**

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Rehearing Denied March 19, 1975.

Douglas Tinker and Donald B. Dailey, Jr., Corpus Christi, for appellant.

William K. Wilder, County Atty., Edna, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. After the jury returned a verdict of guilty, punishment was assessed by the court at three days' confinement in jail and a fine of three hundred and fifty dollars.

Appellant contends that the trial court erred in overruling his motion for instructed verdict for the reason that the information is fatally defective and insufficient to support a conviction.

The record reflects that appellant waived the reading of the information and raised no question regarding same until after the jury had returned its verdict of guilty and the jury had been dismissed. At this juncture, appellant presented a motion for instructed verdict, urging that the information was fatally defective since it failed to show or allege that the proper prosecuting officer presented same. The information reads as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

I, David Cowman Whitlow, County Attorney of Jackson County, in said State of Texas, now here in the County Court of Jackson County, thereof do present this information (founded upon the written affidavit of:

Robert S. Dane

herewith filed), which information charges and presents to said County Court that heretofore, to-wit, on or about

October 19, 1973

and before the making and filing of this complaint in the County of Jackson and the State of Texas,

David Cowman Whitlow

did then and there unlawfully in said County and State, drive and operate a motor vehicle upon a public highway; the said David Cowman Whitlow then and there being under the influence of intoxicating liquor,

against the peace and dignity of the State.

/s/ William K. Wilder
County Attorney,

Jackson County, Texas
Dated this: 29th day of October, 1973"

(Emphasis added)

Appellate cites that portion of Art. 21.-21, Vernon's Ann.C.C.P., which provides:

"An information is sufficient if it has the following requisites:

*    *    *    *    *    *

3. That it appear to have been presented by the proper officer."

Appellant relies on Gaines v. State, 172 Tex.Cr.R. 577, 361 S.W.2d 389, where it was held that an information which does not appear to have been presented by the prosecuting attorney is fatally defective and insufficient. In *Gaines,* the information "was in the form of an affidavit by the affiant, who signed complaint."

Unlike *Gaines,* we cannot conclude that the information in the instant case was presented by anyone other than the county attorney. The complaint upon which the information was based shows to have been sworn to by the affiant before "William K. Wilder, County Attorney, Jackson County, Texas." The information is signed "William K. Wilder, County Attorney, Jackson County, Texas." After appellant requested that a stipulation be entered that William Wilder is County Attorney of Jackson County, the court took judicial knowledge of such fact. While it is true that the information recites in the beginning, "I, David Cowman Whitlow, County Attorney of Jackson County . . .," the remainder of the record, including complaint, pleadings, transcription of the court reporter's notes, court's charge, and judgment, reflects that David Cowman Whitlow is the defendant in the case. The information which is attacked charges David Cowman Whitlow with having committed the offense in question.

In Birdwell v. State, 169 Tex.Cr.R. 169, 332 S.W.2d 570, this Court held that where the name of the county attorney appeared in the beginning of the complaint instead of the affiant, such was an error of form. It was pointed out that affiant's name was signed to the complaint and that the county attorney was shown to have been the of-

ficer signing the jurat. It was noted that the county attorney could not have been both. In the instant case, it is equally clear that the official presenting the information could not be one and the same person as the accused named in such information.

 The appearance of appellant's name as county attorney in the first part of the information is patently a clerical error. Thomas v. State, Tex.Cr.App., 496 S.W.2d 578.

■ Appellant may not wait to see whether the jury will acquit him and then, upon an adverse verdict, claim for the first time that he has been harmed by a clerical error or an error of form. See American Plant Food Corporation v. State, Tex.Cr. App., 508 S.W.2d 598.

The judgment is affirmed.

Opinion approved by the Court.