**Ex Parte John Eric THOMAS.**

**No. 09–07–143 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted on June 13, 2007.

Delivered Aug. 29, 2007.

---

Bruce N. Smith, Glen A. Engle, Beaumont, for Appellant.

David A. Sheffield, County Attorney, Wayln Thompson, Asst. Crim. Dist. Atty., Beaumont, for State.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

John Eric Thomas appeals the denial of his application for writ of habeas corpus. Finding no reversible error, we affirm the court's order.

### BACKGROUND

The State charged Thomas with two separate misdemeanor offenses of possession of marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003). In Cause No. 48665, the "information" referenced in the order deferring adjudication stated the following:

In the Name and by Authority of the State of Texas:

County of Hardin

County Court

Before me the undersigned authority, on this day personally appeared, Kathy Sanderson, who, after being by me duly sworn, on her oath [deposes] and says that she has good reason to believe and does believe that heretofore, to-wit: on or about the 30th day of April, A.D.2003, and anterior to the making of this complaint, in the said County and State John Eric Thomas did then and there intentionally and knowingly possess a usable quantity of marijuana in an amount of two ounces or less.

[A]gainst the Peace and Dignity of the State.

/s/ Kathy Sanderson

Sworn to and Subscribed before me on this 22nd day of May A.D.2003

/s/ County Attorney, Hardin County Texas

Thomas did not object to any defects in this instrument. The court found the evidence sufficient to substantiate Thomas's guilt, but deferred adjudicating Thomas's

guilt, placed Thomas on community supervision for one year, and assessed a $500 fine.

In Cause No. 50164, the "information" referenced in the judgment stated as follows:

In the Name and by Authority of the State of Texas:

County of Hardin

County Court

Before me the undersigned authority, on this day personally appeared, Kathy Sanderson, who, after being by me duly sworn, on her oath [deposes] and says that she has good reason to believe and does believe that heretofore, to-wit: on or about the 11th day of December, A.D.2003, and anterior to the making of this complaint, in the said County and State John Eric Thomas did then and there intentionally and knowingly possess a usable quantity of marijuana in an amount of two ounces or less[.]

[A]gainst the Peace and Dignity of the State.

/s/ Kathy Sanderson

Sworn to and Subscribed before me on this 26th day of March A.D.2004

/s/ County Attorney, Hardin County Texas

Thomas did not object to any defects in this instrument. The court found Thomas "guilty as charged in the information[,]" sentenced him to ninety days of confinement in the Hardin County Jail, but suspended the imposition of the sentence, placed Thomas on community supervision for one year, and assessed a $500 fine.

The State filed motions to revoke. Thomas filed an application for writ of habeas corpus and asserted that the State failed to file informations in the two cases.

After holding a hearing, the court denied his application for writ of habeas corpus.[1]

The court issued findings of fact and conclusions of law, and found that, among other things, Thomas pled guilty to the offenses alleged; he took the legal position that the documents were informations; and he did not object to the informations before pleading guilty to the alleged offenses. The court further found that the documents were informations that also contained sworn complaints. In the court's conclusions of law, the court concluded that the documents met the requisites of an information under TEX.CODE CRIM. PROC. ANN. art. 21.21 (Vernon 1989); the informations met the requirements that an information charge a person with the commission of an offense; and the presentment of the informations vested the court with jurisdiction of the causes. The court further concluded that Thomas waived any complaints to any defects in the informations. Thomas initiated this appeal.

## STANDARD OF REVIEW

 In reviewing the court's decision on a habeas corpus application, an appellate court reviews the facts in the light most favorable to the court's ruling and, absent an abuse of discretion, upholds the ruling. *Ex parte Kubas*, 83 S.W.3d 366, 368 (Tex.App.-Corpus Christi 2002, pet. ref'd). We must give almost total deference to the court's findings of historical facts, but we conduct a *de novo* review of a court's determination of the law and the application of the law to the facts. *Id.*

## ISSUES PRESENTED

In his first issue, Thomas contends that because the State filed only complaints in

---

1. The State's motions to revoke were pending during the hearing on the application for writ of habeas corpus.

each case, the court erred in ruling that the State filed informations. His second issue asserts that the court erred in ruling each complaint met the requisites of an information. In his third issue, Thomas argues the court erred in ruling he waived the right to complain of any defects in the informations.

### THE LAW BEFORE 1985

Before 1985, a charging instrument that contained a substantive defect failed to vest a court with jurisdiction and could be challenged for the first time on appeal, or in a post-conviction application for writ of habeas corpus. *See Ex parte Patterson,* 969 S.W.2d 16, 18 (Tex.Crim.App.1998); *Cook v. State,* 902 S.W.2d 471, 476 (Tex. Crim.App.1995). A substantive defect was considered a fundamental error and any conviction based on the charging instrument was void. *Studer v. State,* 799 S.W.2d 263, 267 (Tex.Crim.App.1990).

Defects of form were not fundamental errors that automatically invalidated charging instruments. *See Encinas v. State,* 161 Tex.Crim. 293, 276 S.W.2d 817, 818 (1955). A defect of form that did not prejudice a defendant's substantial rights could be waived if not properly brought to the court's attention. *See Clayton v. State,* 652 S.W.2d 950, 955 (Tex.Crim.App.1983);

*Jones v. State,* 504 S.W.2d 442, 444 (Tex. Crim.App.1974).

### THE 1985 AMENDMENTS

■ Amendments to the Texas Constitution and the Texas Code of Criminal Procedure in 1985 changed the law. *See Cook,* 902 S.W.2d at 476. The Legislature is authorized to prescribe by statute the effects of substantive defects in charging instruments; a defect of form or substance in an indictment or information is waived if no objection is made before the date commences; and the presentment of an indictment or information vests the court with jurisdiction over the cause. *See id.; see also* TEX. CONST. art. V, § 12(b);[2] TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005).[3] The constitutional amendment allowed the specific requirements of indictments and informations to be determined by statute. *See* TEX. CONST. art. V, § 12(b); *Teal v. State,* 230 S.W.3d 172, 178 (Tex. Crim.App. 2007); *Studer,* 799 S.W.2d at 272. The change in the law shifted the focus from whether a defect was a fundamental, substantive defect to whether the defendant objected to the defect before trial. *See Teal,* 230 S.W.3d at 178; *Cook,* 902 S.W.2d at 477.

### JURISDICTION OF THE TRIAL COURT

■ The rules regarding the allegations in an indictment, and the certainty re-

---

**2.** Texas Constitution, Article 5, section 12(b) provides as follows:

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX. CONST. art. V, § 12(b).

**3.** Texas Code of Criminal Procedure Article 1.14(b) provides, in part, as follows:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005).

quired, also generally apply to an information. *See* Tex.Code Crim. Proc. Ann. art. 21.23 (Vernon 1989). The statute defines an information as "a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted." Tex.Code Crim. Proc. Ann. art. 21.20 (Vernon 1989). An information is presented when it is filed by the proper officer in the proper court. Tex.Code Crim. Proc. Ann. art. 12.07 (Vernon 2005). A charging instrument that charges a person with committing an offense, once presented, invokes the trial court's jurisdiction; jurisdiction is no longer contingent on whether the charging instrument contains defects of form or substance. *See Teal,* 230 S.W.3d at 178; *see also Ex parte Patterson,* 969 S.W.2d at 19; *Duron v. State,* 956 S.W.2d 547, 550–51 (Tex.Crim.App.1997).

■ The offense charged must be an offense that the trial court has subject matter jurisdiction to consider. *Teal,* 230 S.W.3d at 179; *see also* Tex.Code Crim. Proc. Ann. art. 21.21(2). In counties where the county attorney is responsible for misdemeanor prosecution, the county attorney generally prosecutes a misdemeanor offense by filing an information. *See* Tex. Const. art. V, § 17; Tex.Code Crim. Proc. Ann. art. 2.05 (Vernon 2005). The county attorney prepares the information based upon a complaint, and files the information in the court having jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 2.05.[4] An information may not be presented until an affidavit has been made by some credible person charging the defendant with an offense. Tex.Code Crim. Proc. Ann. art. 21.22 (Vernon 1989).[5] If an information is required, the failure to file an information deprives the trial court of jurisdiction to try the case. *See* Tex. Const. art. V, § 12(b); Tex. Const. art. V, § 17.

■ Under article 1.14(b), a defendant generally waives any objection to "a defect, error, or irregularity of form or substance in an . . . information" by failing to object before trial. Tex.Code Crim. Proc. Ann. art. 1.14(b). The question here is whether the documents presented to the court as "informations" were sufficient to invoke the trial court's jurisdiction and therefore require the application of article 1.14(b), or were instead not informations at all and outside "the ambit of art. 1.14(b)[.]" *See Duron,* 956 S.W.2d at 550 ("Some defects . . . remove the written instrument from the ambit of art. 1.14(b) because they render the instrument a *non-indictment.*"). To determine whether an instrument is a charging instrument, we must look to the instrument as a whole and not to specific

---

**4.** When a complaint has been made before the county attorney that an offense has been committed in his county, he shall reduce the *complaint to writing.* Tex.Code Crim. Proc. Ann. art. 2.04 (Vernon 2005). The complaint must be signed and sworn to by the complainant and shall be duly attested by the county attorney. *See id.* The requisites of a complaint are as follows:

 1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.

 2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe,

that the accused has committed such offense.

 3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.

 4. It must be signed by the affiant by writing his name or affixing his mark.

Tex.Code Crim. Proc. Ann. art. 15.05 (Vernon 2005).

**5.** The affidavit is filed with the information and may be sworn to before the county attorney who, for that purpose, exercises the power to administer the oath. Tex.Code Crim. Proc. Ann. art. 21.22 (Vernon 1989).

formal requisites. *See Teal*, 230 S.W.3d at 179.

## THOMAS'S ARGUMENTS AND THE STATE'S RESPONSE

Thomas asserts that the county attorney fulfills two separate duties: as an officer for the jurat of a sworn complaint, and as the charging official who drafts, signs, and files an information with a county court. Thomas argues that the documents filed were complaints because the county attorney ·did not sign the documents as an official charging officer. Thomas asserts that the State may not combine a complaint and an information into one document because complaints and informations are "defined, delineated and prescribed by wholly separate and distinct sections of the Code of Criminal Procedure and the Texas Constitution. The legislature did not combine them." He contends that to invoke the trial court's jurisdiction under the Constitution, the State was required to file a separate document that contained the county attorney's signature in his role as a charging officer. Thomas cites *Gaines v. State*, 172 Tex.Crim. 577, 361 S.W.2d 389 (1962), for the proposition that an information that does not appear to have been presented by the prosecuting attorney is fatally defective.

The State argues that the documents are informations that meet all constitutional and statutory requirements. The State contends that although the informations also contain sworn statements, the statements do not negate the legal effect of the documents as informations, and "surplusage of any type does not negate the legality of a document that contains all that is legally required to make it an 'information.'" According to the State, article 21.21 does not limit the form of an information to those items listed. The State argues that a signature can serve more than one function, the signature in this case need not be limited, and the complete lack of a signature has been held to be a waivable defect.

## SUFFICIENCY OF THE CHARGING INSTRUMENTS

■ Although the instruments in this case have no title, they appear to be presented as combined informations and complaints. Each instrument meets most of the form requisites of an information under article 21.21.[6] *See* TEX.CODE CRIM. PROC. ANN. art. 21.21. The instruments commence, "In the Name and by Authority of the State of Texas: County of Hardin County Court[,]" and conclude, "[A]gainst the Peace and Dignity of the State." The instruments contain Thomas's name, set forth the offenses of possession of marijuana in plain and intelligible words, state that Thomas committed the offenses in the county, and state that the dates of the offenses were anterior to the filing of "this complaint." The offenses do not appear to be barred by limitation.[7] The instruments satisfy the constitutional requirements that an information "accuse[ ] someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute[.]" *See Duron*, 956 S.W.2d at 550.

■ The county attorney filed the instruments with Hardin County's county clerk on behalf of the State of Texas, and the instruments were the "informations"

---

**6.** The instruments also meet the requisites of a complaint. *See* TEX.CODE CRIM. PROC. ANN. art. 15.05.

**7.** The date of offense alleged in Cause No. 48665 is April 30, 2003, and the instrument was filed on May 22, 2003. The date of offense alleged in Cause No. 50164 is December 11, 2003, and the instrument was filed on March 26, 2004.

referred to in the judgment and order deferring adjudication. Although the instruments do not expressly state that they were presented by the county attorney, Thomas does not dispute that the instruments were in fact presented by the county attorney to a court with proper subject matter jurisdiction to consider the charges. By citing *Gaines,* Thomas seems to argue that the documents must appear on their face to have been presented by the prosecuting attorney and not by the complainant. *See Gaines,* 361 S.W.2d at 389. Because there is no dispute the prosecuting attorney in fact presented the charging instruments, we conclude Thomas was required to object before trial to the lack of appropriate presentment language in the information. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b).

Thomas disputes whether the instruments constitute informations because of the lack of a second signature by the county attorney as a charging official. Although the county attorney signed the instruments, the distinction between a county attorney's signature as a charging official and an officer on a jurat is implicit in the presentment requirement. *See* TEX.CODE CRIM. PROC. ANN. arts. 21.21, 21.22. Thomas did not object to the lack of a second signature before trial. He has waived his objection to this alleged defect. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b).

■ Although the statute does not expressly prohibit combining a complaint and an information in one document, the different requirements indicate the documents are to be separate. *See* TEX.CODE CRIM. PROC. ANN. arts. 15.05, 21.21. Cases decided before and after the 1985 amendments treat a complaint and information as having separate filing requirements. *See, e.g., State v. Gray,* 801 S.W.2d 10, 11 (Tex. App.-Austin 1990, no writ) (applying current article 21.22 and stating that the simultaneous filing of complaint and information satisfied statutory requirement that complaint be filed with information); *Talley v. State,* 399 S.W.2d 559, 560 (Tex. Crim.App.1966) (applying former version of article 21.22 and stating that statute did not require that complaint be filed prior to the filing of the information, only that complaint be filed with information). Nevertheless, Thomas was required to object before trial to the combination of the complaint and information into one document. He waived his objection to this alleged defect. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b).

CONCLUSION

The record indicates the county attorney did in fact present the instruments as informations to the court. Each written instrument satisfied the constitutional requirements of an information, and the court acquired jurisdiction to adjudicate Thomas's guilt. *See* TEX. CONST. art. V, § 12(b); *Teal,* 230 S.W.3d at 178; *Ex parte Patterson,* 969 S.W.2d at 19; *Duron,* 956 S.W.2d at 550–51. Thomas waived the right to object to any alleged defects in the charging instruments by failing to object before trial. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b). We overrule Thomas's issues and affirm the court's order.