In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-07-143 CR


 ______________________


 

EX PARTE JOHN ERIC THOMAS






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 18400






OPINION


 John Eric Thomas appeals the denial of his application for writ of habeas corpus. 
Finding no reversible error, we affirm the court's order. Background

 The State charged Thomas with two separate misdemeanor offenses of possession of
marijuana. See Tex. Health & Safety Code Ann. § 481.121 (Vernon 2003). In Cause No.
48665, the "information" referenced in the order deferring adjudication stated the following: 

 In the Name and by Authority of the State of Texas: 

 County of Hardin 

 County Court



 Before me the undersigned authority, on this day personally appeared,
Kathy Sanderson, who, after being by me duly sworn, on her oath [deposes]
and says that she has good reason to believe and does believe that heretofore,
to-wit: on or about the 30th day of April, A.D. 2003, and anterior to the
making of this complaint, in the said County and State John Eric Thomas did
then and there intentionally and knowingly possess a usable quantity of
marijuana in an amount of two ounces or less. 

 

 [A]gainst the Peace and Dignity of the State. 


 /s/ Kathy Sanderson


 Sworn to and Subscribed before me on this 22nd day of May A.D. 2003


 /s/ County Attorney, Hardin County Texas


Thomas did not object to any defects in this instrument. The court found the evidence
sufficient to substantiate Thomas's guilt, but deferred adjudicating Thomas's guilt, placed
Thomas on community supervision for one year, and assessed a $500 fine. 

 In Cause No. 50164, the "information" referenced in the judgment stated as follows:

 In the Name and by Authority of the State of Texas: 

 County of Hardin 

 County Court

 

 Before me the undersigned authority, on this day personally appeared,
Kathy Sanderson, who, after being by me duly sworn, on her oath [deposes]
and says that she has good reason to believe and does believe that heretofore,
to-wit: on or about the 11th day of December, A.D. 2003, and anterior to the
making of this complaint, in the said County and State John Eric Thomas did
then and there intentionally and knowingly possess a usable quantity of
marijuana in an amount of two ounces or less[.] 

 

 [A]gainst the Peace and Dignity of the State. 


 /s/ Kathy Sanderson


 Sworn to and Subscribed before me on this 26[th] day of March A.D. 2004


 /s/ County Attorney, Hardin County Texas

Thomas did not object to any defects in this instrument. The court found Thomas "guilty as
charged in the information[,]" sentenced him to ninety days of confinement in the Hardin
County Jail, but suspended the imposition of the sentence, placed Thomas on community
supervision for one year, and assessed a $500 fine. 

 The State filed motions to revoke. Thomas filed an application for writ of habeas
corpus and asserted that the State failed to file informations in the two cases. After holding
a hearing, the court denied his application for writ of habeas corpus. (1) 

 The court issued findings of fact and conclusions of law, and found that, among other
things, Thomas pled guilty to the offenses alleged; he took the legal position that the
documents were informations; and he did not object to the informations before pleading
guilty to the alleged offenses. The court further found that the documents were informations
that also contained sworn complaints. In the court's conclusions of law, the court concluded
that the documents met the requisites of an information under Tex. Code Crim. Proc. Ann.
art. 21.21 (Vernon 1989); the informations met the requirements that an information charge
a person with the commission of an offense; and the presentment of the informations vested
the court with jurisdiction of the causes. The court further concluded that Thomas waived
any complaints to any defects in the informations. Thomas initiated this appeal.

Standard of Review

 In reviewing the court's decision on a habeas corpus application, an appellate court
reviews the facts in the light most favorable to the court's ruling and, absent an abuse of
discretion, upholds the ruling. Ex parte Kubas, 83 S.W.3d 366, 368 (Tex. App.-- Corpus
Christi 2002, pet. ref'd). We must give almost total deference to the court's findings of
historical facts, but we conduct a de novo review of a court's determination of the law and
the application of the law to the facts. Id.

Issues Presented

 In his first issue, Thomas contends that because the State filed only complaints in each
case, the court erred in ruling that the State filed informations. His second issue asserts that
the court erred in ruling each complaint met the requisites of an information. In his third
issue, Thomas argues the court erred in ruling he waived the right to complain of any defects
in the informations.

The Law Before 1985


 Before 1985, a charging instrument that contained a substantive defect failed to vest
a court with jurisdiction and could be challenged for the first time on appeal, or in a post-conviction application for writ of habeas corpus. See Ex parte Patterson, 969 S.W.2d 16,
18 (Tex. Crim. App. 1998); Cook v. State, 902 S.W.2d 471, 476 (Tex. Crim. App. 1995). A
substantive defect was considered a fundamental error and any conviction based on the
charging instrument was void. Studer v. State, 799 S.W.2d 263, 267 (Tex. Crim. App. 1990). 
 Defects of form were not fundamental errors that automatically invalidated charging
instruments. See Encinas v. State, 161 Tex. Crim. 293, 276 S.W.2d 817, 818 (1955). A
defect of form that did not prejudice a defendant's substantial rights could be waived if not
properly brought to the court's attention. See Clayton v. State, 652 S.W.2d 950, 955 (Tex.
Crim. App. 1983); Jones v. State, 504 S.W.2d 442, 444 (Tex. Crim. App. 1974).

The 1985 Amendments

 Amendments to the Texas Constitution and the Texas Code of Criminal Procedure 
in 1985 changed the law. See Cook, 902 S.W.2d at 476. The Legislature is authorized to
prescribe by statute the effects of substantive defects in charging instruments; a defect of
form or substance in an indictment or information is waived if no objection is made before
the date commences; and the presentment of an indictment or information vests the court
with jurisdiction over the cause. See id.; see also Tex. Const. art. V, § 12(b); (2) Tex. Code
Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). (3) The constitutional amendment allowed the
specific requirements of indictments and informations to be determined by statute. See Tex.
Const. art. V, § 12(b); Teal v. State, No. PD-0689-06, 2007 WL 676221, at *4 (Tex. Crim.
App. Mar. 7, 2007); Studer, 799 S.W.2d at 272. The change in the law shifted the focus from
whether a defect was a fundamental, substantive defect to whether the defendant objected
to the defect before trial. See Teal, 2007 WL 676221, at *3; Cook, 902 S.W.2d at 477. 

Jurisdiction of the Trial Court

 The rules regarding the allegations in an indictment, and the certainty required, also
generally apply to an information. See Tex. Code Crim. Proc. Ann. art. 21.23 (Vernon
1989). The statute defines an information as "a written statement filed and presented in
behalf of the State by the district or county attorney, charging the defendant with an offense
which may by law be so prosecuted." Tex. Code Crim. Proc. Ann. art. 21.20 (Vernon
1989). An information is presented when it is filed by the proper officer in the proper court. 
Tex. Code Crim. Proc. Ann. art. 12.07 (Vernon 2005). A charging instrument that charges
a person with committing an offense, once presented, invokes the trial court's jurisdiction;
jurisdiction is no longer contingent on whether the charging instrument contains defects of
form or substance. See Teal, 2007 WL 676221, at *3; see also Ex parte Patterson, 969
S.W.2d at 19; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

 The offense charged must be an offense that the trial court has subject matter
jurisdiction to consider. Teal, 2007 WL 676221, at *5; see also Tex. Code Crim. Proc.
Ann. art. 21.21(2). In counties where the county attorney is responsible for misdemeanor
prosecution, the county attorney generally prosecutes a misdemeanor offense by filing an
information. See Tex. Const. art. V, § 17; Tex. Code Crim. Proc. Ann. art. 2.05 (Vernon
2005). The county attorney prepares the information based upon a complaint, and files the
information in the court having jurisdiction. See Tex. Code Crim. Proc. Ann. art. 2.05. (4) 
An information may not be presented until an affidavit has been made by some credible
person charging the defendant with an offense. Tex. Code Crim. Proc. Ann. art. 21.22
(Vernon 1989). (5) If an information is required, the failure to file an information deprives the
trial court of jurisdiction to try the case. See Tex. Const. art. V, § 12(b); Tex. Const. art.
V, § 17. 

 Under article 1.14(b), a defendant generally waives any objection to "a defect, error,
or irregularity of form or substance in an . . . information" by failing to object before trial. 
Tex. Code Crim. Proc. Ann. art. 1.14(b). The question here is whether the documents
presented to the court as "informations" were sufficient to invoke the trial court's jurisdiction
and therefore require the application of article 1.14(b), or were instead not informations at
all and outside "the ambit of art. 1.14(b)[.]" See Duron, 956 S.W.2d at 550 ("Some defects
. . . remove the written instrument from the ambit of art. 1.14(b) because they render the
instrument a non-indictment."). To determine whether an instrument is a charging
instrument, we must look to the instrument as a whole and not to specific formal requisites. 
See Teal, 2007 WL 676221, at *5. 

Thomas's Arguments and the State's Response


 Thomas asserts that the county attorney fulfills two separate duties: as an officer for
the jurat of a sworn complaint, and as the charging official who drafts, signs, and files an
information with a county court. Thomas argues that the documents filed were complaints 
because the county attorney did not sign the documents as an official charging officer. 
Thomas asserts that the State may not combine a complaint and an information into one
document because complaints and informations are "defined, delineated and prescribed by
wholly separate and distinct sections of the Code of Criminal Procedure and the Texas
Constitution. The legislature did not combine them." He contends that to invoke the trial
court's jurisdiction under the Constitution, the State was required to file a separate document
that contained the county attorney's signature in his role as a charging officer. Thomas cites
Gaines v. State, 172 Tex. Crim. 577, 361 S.W.2d 389 (1962), for the proposition that an
information that does not appear to have been presented by the prosecuting attorney is fatally
defective.

 The State argues that the documents are informations that meet all constitutional and
statutory requirements. The State contends that although the informations also contain sworn
statements, the statements do not negate the legal effect of the documents as informations,
and "surplusage of any type does not negate the legality of a document that contains all that
is legally required to make it an 'information.'" According to the State, article 21.21 does
not limit the form of an information to those items listed. The State argues that a signature
can serve more than one function, the signature in this case need not be limited, and the
complete lack of a signature has been held to be a waivable defect. 

Sufficiency of the Charging Instruments


 Although the instruments in this case have no title, they appear to be presented as
combined informations and complaints. Each instrument meets most of the form requisites
of an information under article 21.21. (6) See Tex. Code Crim. Proc. Ann. art. 21.21. The
instruments commence, "In the Name and by Authority of the State of Texas: County of
Hardin County Court[,]" and conclude, "[A]gainst the Peace and Dignity of the State." The
instruments contain Thomas's name, set forth the offenses of possession of marijuana in
plain and intelligible words, state that Thomas committed the offenses in the county, and
state that the dates of the offenses were anterior to the filing of "this complaint." The
offenses do not appear to be barred by limitation. (7) The instruments satisfy the constitutional
requirements that an information "accuse[] someone of a crime with enough clarity and
specificity to identify the penal statute under which the State intends to prosecute[.]" See
Duron, 956 S.W.2d at 550.

 The county attorney filed the instruments with Hardin County's county clerk on behalf
of the State of Texas, and the instruments were the "informations" referred to in the judgment
and order deferring adjudication. Although the instruments do not expressly state that they
were presented by the county attorney, Thomas does not dispute that the instruments were
in fact presented by the county attorney to a court with proper subject matter jurisdiction to
consider the charges. By citing Gaines, Thomas seems to argue that the documents must
appear on their face to have been presented by the prosecuting attorney and not by the
complainant. See Gaines, 361 S.W.2d at 389. Because there is no dispute the prosecuting
attorney in fact presented the charging instruments, we conclude Thomas was required to
object before trial to the lack of appropriate presentment language in the information. See
Tex. Code Crim. Proc. Ann. art. 1.14(b).

 Thomas disputes whether the instruments constitute informations because of the lack
of a second signature by the county attorney as a charging official. Although the county
attorney signed the instruments, the distinction between a county attorney's signature as a
charging official and an officer on a jurat is implicit in the presentment requirement. See
Tex. Code Crim. Proc. Ann. arts. 21.21, 21.22. Thomas did not object to the lack of a
second signature before trial. He has waived his objection to this alleged defect. See Tex.
Code Crim. Proc. Ann. art. 1.14(b).

 Although the statute does not expressly prohibit combining a complaint and an
information in one document, the different requirements indicate the documents are to be
separate. See Tex. Code Crim. Proc. Ann. arts. 15.05, 21.21. Cases decided before and
after the 1985 amendments treat a complaint and information as having separate filing
requirements. See, e.g., State v. Gray, 801 S.W.2d 10, 11 (Tex. App.--Austin 1990, no writ)
(applying current article 21.22 and stating that the simultaneous filing of complaint and
information satisfied statutory requirement that complaint be filed with information); Talley
v. State, 39n9 S.W.2d 559, 560 (Tex. Crim. App. 1966) (applying former version of article
21.22 and stating that statute did not require that complaint be filed prior to the filing of the
information, only that complaint be filed with information). Nevertheless, Thomas was
required to object before trial to the combination of the complaint and information into one
document. He waived his objection to this alleged defect. See Tex. Code Crim. Proc. Ann.
art. 1.14(b). 

Conclusion

 The record indicates the county attorney did in fact present the instruments as
informations to the court. Each written instrument satisfied the constitutional requirements
of an information, and the court acquired jurisdiction to adjudicate Thomas's guilt. See Tex.
Const. art. V, § 12(b); Teal, 2007 WL 676221, at *3; Ex parte Patterson, 969 S.W.2d at 19;
Duron, 956 S.W.2d at 550-51. Thomas waived the right to object to any alleged defects in
the charging instruments by failing to object before trial. See Tex. Code Crim. Proc. Ann.
art. 1.14(b). We overrule Thomas's issues and affirm the court's order.

 AFFIRMED.

 

 DAVID GAULTNEY

 Justice


Submitted on June 13, 2007

Opinion Delivered August 29, 2007

Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The State's motions to revoke were pending during the hearing on the application for
writ of habeas corpus. 
2. Texas Constitution, Article 5, section 12(b) provides as follows:

 An indictment is a written instrument presented to a court by a
grand jury charging a person with the commission of an offense. 
An information is a written instrument presented to a court by an
attorney for the State charging a person with the commission of
an offense. The practice and procedures relating to the use of
indictments and informations, including their contents,
amendment, sufficiency, and requisites, are as provided by law. 
The presentment of an indictment or information to a court
invests the court with jurisdiction of the cause.


Tex. Const. art. V, § 12(b).
3. Texas Code of Criminal Procedure Article 1.14(b) provides, in part, as follows:

 If the defendant does not object to a defect, error, or irregularity
of form or substance in an indictment or information before the
date on which the trial on the merits commences, he waives and
forfeits the right to object to the defect, error, or irregularity and
he may not raise the objection on appeal or in any other
postconviction proceeding.


Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005).
4. When a complaint has been made before the county attorney that an offense has been
committed in his county, he shall reduce the complaint to writing. Tex. Code Crim. Proc.
Ann. art. 2.04 (Vernon 2005). The complaint must be signed and sworn to by the
complainant and shall be duly attested by the county attorney. See id. The requisites of a
complaint are as follows:

 1. It must state the name of the accused, if known, and if not known, must give
some reasonably definite description of him.

 2. It must show that the accused has committed some offense against the laws
of the State, either directly or that the affiant has good reason to believe, and
does believe, that the accused has committed such offense.

 3. It must state the time and place of the commission of the offense, as
definitely as can be done by the affiant.

 4. It must be signed by the affiant by writing his name or affixing his mark.


Tex. Code Crim. Proc. Ann. art. 15.05 (Vernon 2005).
5. The affidavit is filed with the information and may be sworn to before the county
attorney who, for that purpose, exercises the power to administer the oath. Tex. Code Crim.
Proc. Ann. art. 21.22 (Vernon 1989).
6. The instruments also meet the requisites of a complaint. See Tex. Code Crim. Proc.
Ann. art. 15.05. 
7. The date of offense alleged in Cause No. 48665 is April 30, 2003, and the instrument
was filed on May 22, 2003. The date of offense alleged in Cause No. 50164 is December 11,
2003, and the instrument was filed on March 26, 2004.