In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00256-CR


 _____________________



CURTIS LARIS METCALFE, Appellant



V.



THE STATE OF TEXAS
, Appellee






On Appeal from the 1A District Court


Jasper County, Texas


Trial Cause No. 10238JD






MEMORANDUM OPINION


 A jury found Curtis Laris Metcalfe guilty of the offense of indecency with a child by
sexual contact. See Tex. Pen. Code Ann. § 21.11(a)(1), (c) (Vernon 2003). The jury
assessed punishment at twenty years of confinement in the Texas Department of Criminal
Justice - Institutional Division. Metcalfe appeals his conviction.

 Metcalfe argues that the evidence was legally insufficient to prove he committed the
offense in Jasper County, and that we must reverse his conviction and render judgment in his
favor or grant him a new trial. 

 Venue is not a constituent element of the offense charged, and the failure to prove
venue does not negate the guilt of the accused. State v. Blankenship, 170 S.W.3d 676, 681
(Tex. App.--Austin 2005, pet. ref'd). When, as here, there is not a special venue statue
applicable to the charged offense, the proper venue for the prosecution is the county in which
the offense was committed. Tex. Code Crim. Proc. Ann. art. 13.18 (Vernon 2005). Venue
may be proven by direct or circumstantial evidence. Couchman v. State, 3 S.W.3d 155, 161
(Tex. App.--Fort Worth 1999, pet. ref'd); Braddy v. State, 908 S.W.2d 465, 467 (Tex. App.--Dallas 1995, no writ). Venue need only be proved by a preponderance of the evidence. Tex.
Code Crim. Proc. Ann. art. 13.17 (Vernon 2005). Reversible error may result from the
failure to prove venue as set forth in the charging instrument. Blankenship, 170 S.W.3d at
681. To decide the issue of venue, the trier of fact may make reasonable inferences from the
evidence. Bordman v. State, 56 S.W.3d 63, 70 (Tex. App.--Houston [14th Dist.] 2001, pet.
ref'd); Lozano v. State, 958 S.W.2d 925, 929 (Tex. App.--El Paso 1997, no pet.). Evidence
is sufficient to establish venue if "the jury may reasonably conclude that the offense was
committed in the county alleged." Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964); Couchman, 3 S.W.3d at 161.

 Metcalfe contends the testimony at trial did not establish the exact location of the
house where the offense allegedly occurred. Officer Gene Hawthorne with the Jasper County
Sheriff's Department testified he was on duty in August of 2006, and was dispatched to the
Buna office to meet with L.B.'s mother. The mother reported that L.B. had been sexually
assaulted by L.B.'s father at a residence in Buna. L.B.'s mother testified at trial that L.B.
told her the offense occurred at a residence in Buna, Texas. Buna is in Jasper County. The
record includes sufficient evidence the offense occurred in Jasper County. 

 Metcalfe also argues the evidence is factually insufficient to support the conviction. 
In a factual sufficiency review, we consider all the evidence in a neutral light. Roberts v.
State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). We ask whether the evidence
supporting the conviction, although legally sufficient, is so weak that the fact-finder's
determination is clearly wrong and manifestly unjust or whether conflicting evidence so
greatly outweighs the evidence supporting the conviction that the fact-finder's determination
is manifestly unjust. Neal v. State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008).

 A conviction for indecency with a child is supportable on the testimony of the child
victim. Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005). L.B. was ten years old at
the time of the offense. L.B. informed her mother of the offense. Metcalfe's own testimony
supports L.B.'s testimony that they were together at the house where L.B. testified the
offense occurred. The jury believed L.B.'s testimony that the offense occurred, and rejected
Metcalfe's testimony that he did not commit the offense. The credibility of a witness is for
the jury to decide. See Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). 
"What weight to give contradictory testimonial evidence is within the sole province of the
jury, because it turns on an evaluation of credibility and demeanor." Cain v. State, 958
S.W.2d 404, 408-09 (Tex. Crim. App. 1997). The verdict is supported by sufficient evidence. 
See Tex. Pen. Code Ann. § 21.11(a)(1); Tex. Code Crim. Proc. Ann. art. 38.07(a),(b). We
overrule issue one.

 In his second issue, Metcalfe contends the trial court erred because the jury's verdict
form had an incorrect cause number and the trial court recited the wrong cause number when
announcing the jury's verdict. The punishment charge included the correct cause number on
the first page but the verdict form had an incorrect cause number. The charge was submitted
to the jury without objection. The trial court read aloud the charge and verdict form to the
jury before the jury retired to deliberate. The trial court read aloud the verdict of the jury and
the incorrect cause number. The trial court asked Metcalfe and his counsel whether there
were "any legal reasons" punishment should not be assessed, and defense counsel answered,
"None, Judge." An appellant "may not wait to see whether the jury will acquit him and then,
upon adverse verdict, claim for the first time that he has been harmed by a clerical error . .
. ." Whitlow v. State, 520 S.W.2d 913, 915 (Tex. Crim. App. 1975); see also Tex. R. App.
P. 33.1. We overrule issue two.

 In his third issue, Metcalfe maintains the trial court erred in permitting the State's
expert, Nancy Blitch, to express her opinion that changes in a child-victim's account of a
sexual assault does not mean that the child is being untruthful. We apply an abuse-of-discretion standard to review a trial court's decision on whether to allow the testimony. 
Gallo v. State, 239 S.W.3d 757, 765 (Tex. Crim. App. 2007). 

 While the State may be able to offer expert testimony that, based on the expert's
experience or empirical data, children who have been sexually abused sometimes give
conflicting accounts or even recant their initial outcry, the State is prohibited from eliciting
testimony from the expert that a certain child is telling the truth or that "child complainants
as a class are worthy of belief." See Pavlacka v. State, 892 S.W.2d 897, 903 n.6 (Tex. Crim.
App. 1994). The State established Blitch's expertise as a forensic interviewer, and she
testified she has conducted over fifteen hundred interviews with child victims. Blitch did not
testify as to whether L.B. was telling the truth, or that child complainants as a class are
truthful. It was within the trial court's discretion to determine Blitch possessed sufficient
experience to offer her opinion. We overrule issue three. 

 The judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on August 14, 2009

Opinion Delivered August 26, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.