In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00513-CR


____________________



ERNEST WAYNE ORSAK, Appellant


 

V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 98480





 

MEMORANDUM OPINION


 Appellant Ernest Wayne Orsak (1) appeals from the trial court's judgment revoking his
community supervision for felony driving while intoxicated and sentencing him to four years
of confinement. In his sole appellate issue, Orsak contends that one of his alleged prior
convictions was void as a matter of law, and that the trial court therefore lacked jurisdiction. 
We affirm.

Background


 Pursuant to a plea bargain agreement, Orsak pled guilty to felony driving while
intoxicated. The offense was a felony based upon the allegations in the indictment that Orsak
had two previous convictions for driving while intoxicated. See Tex. Pen. Code 
Ann. § 49.04 (Vernon 2003); see id. § 49.09(b)(2) (Vernon Supp. 2009). (2) The trial court
found Orsak guilty and assessed punishment at four years of confinement in the Institutional
Division, then suspended imposition of sentence, placed Orsak on community supervision
for four years, and assessed a $750 fine. The State subsequently filed a motion to revoke
Orsak's community supervision. Orsak pled "not true" to the alleged violations of the terms
of the community supervision order. After conducting an evidentiary hearing, the trial court
found that Orsak violated the terms of the community supervision order, revoked Orsak's
community supervision, and imposed a sentence of four years of confinement. Orsak filed
a motion for new trial, in which he argued that one of the prior convictions used to enhance
the offense to a felony was void because the charging instrument for that conviction was a
complaint rather than an information. See generally Tex. Code Crim. Proc. Ann. art. 27.01
(Vernon 2006) (The primary pleading for the State in a criminal action is an indictment or
information.). The trial court denied Orsak's motion for new trial, and Orsak then filed this
appeal.

Orsak's Issue


 In his sole appellate issue, Orsak argues that the trial court lacked jurisdiction because
one of the prior convictions used to enhance the offense to a felony was void because the
instrument which charged him with that prior conviction was a complaint rather than an
information.

 The charging instrument of which Orsak complains was entitled "Combination
Complaint and Information[,]" and was styled "In the Name and by Authority of the State
of Texas: County of Hardin County Court at Law No. ___ [.]" The instrument stated as
follows:

 Before me the undersigned authority, on this day personally appeared
Danny Sullins who, after being by me duly sworn, on his oath de[]poses and
says that he has good reason to believe and does believe that heretofore, to-wit,
on or about the 3rd day of August A.D. 1997, and anterior to the making of
this complaint, in the said County and State Ernest Wayne Orsak did then and
there drive and operate a motor vehicle in a public place while the said
defendant was intoxicated by not having the normal use of mental and physical
faculties by reason of the introduction of alcohol into the body.


 And it is further presented in and to said court that, prior to the commission of
the aforesaid offense, on the 27th day of July, 1994, in cause number 32,095
in the County Court of Hardin County, Texas, the defendant was convicted of
the offense [of] driving while intoxicated.


 [A]gainst the peace and dignity of the State.


 /s/ Danny Sullins


 Sworn to and subscribed before me on this the 10th day of SEPTEMBER 
A.D. 1997


 /s/ [illegible signature]


 Assistant County Attorney, HARDIN County, Texas


 Article 21.21 of the Texas Code of Criminal Procedure sets forth the required
elements for an information, as follows:

 1. It shall commence, "In the name and by authority of the State of Texas";


 2. That it appear to have been presented in a court having jurisdiction of the
offense set forth;


 3. That it appear to have been presented by the proper officer;


 4. That it contain the name of the accused, . . .


 5. It must appear that the place where the offense is charged to have been
committed is within the jurisdiction of the court where the information is filed;


 6. That the time mentioned be some date anterior to the filing of the
information, and that the offense does not appear to be barred by limitation;


 7. That the offense be set forth in plain and intelligible words;


 8. That it conclude, "Against the peace and dignity of the State"; and


 9. It must be signed by the district or county attorney, officially.


Tex. Code Crim. Proc. Ann. art. 21.21 (Vernon 2009). The charging instrument quoted
above met the first eight requirements set forth in article 21.21. See id. With respect to
Orsak's complaint that the county attorney signed the charging instrument as an officer on
a jurat rather than as a charging officer, Orsak waived that objection by failing to raise it
before trial. See Ex parte Thomas, 234 S.W.3d 656, 663 (Tex. App.--Beaumont 2007, no
pet.) (citing Tex. Code Crim. Proc. Ann. art. 1.14(b)). Therefore, we now turn to the issue
of the charging instrument's dual role of complaint and information. As Orsak concedes in
his brief, this Court has previously decided this issue adversely to his position. See id. at 662.
In Ex parte Thomas, this Court was presented with an instrument that, although not explicitly
named a combination complaint and information, appeared to contain elements of both. Id. 
As we noted in Ex parte Thomas, although the Code of Criminal Procedure apparently
contemplates that a complaint and an information will be filed separately, the statute does not
expressly prohibit combining a complaint and an information in one document. Id. at 663. 
We decline Orsak's invitation to reconsider our decision in Ex parte Thomas. In addition,
Orsak's issue relates to his original plea of guilty rather than the trial court's subsequent
decision to revoke his community supervision and impose sentence. Orsak may not wait
until the revocation stage to appeal such matters. See Feagin v. State, 967 S.W.2d 417, 419
(Tex. Crim. App. 1998). For all of these reasons, we overrule Orsak's sole issue and affirm
the trial court's judgment.

 AFFIRMED.

 _______________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on October 14, 2009

Opinion Delivered November 4, 2009

Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. On various documents in the record, Orsak's first name is also spelled "Earnest."
2. Although subsection 49.09 has been amended since Orsak's offense, because the
amendments did not substantively change subsection 49.09(b)(2), we cite to the current
version of the statute.