**Ex Parte: Wade KUBAS**

**No. 13–00–633–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 1, 2002.

Discretionary Review Refused
Nov. 6, 2002.

Grant Jones, Attorney At Law, Corpus Christi, for Appellant.

Andy Taylor, First Asst. Atty. Gen., Austin, Andrew L. Quittner, Asst. City Atty., Corpus Christi, for Appellee.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION

YANEZ, Justice.

This is an appeal from the trial court's denial of habeas corpus relief. Wade Kubas filed an application for writ of habeas corpus in the 347th District Court of Nueces County. Kubas claims the statutory requirement that he register as a sex offender for a ten-year period after his discharge from community supervision is an unlawful restraint of his liberty. Kubas contends that this procedure is in violation of the Texas Constitution's prohibition against retroactive laws. We affirm.

On May 3, 1993, Kubas pled guilty to attempted sexual assault and was placed on deferred adjudication community supervision for five years. Kubas registered with the Sex Crime Unit of the Corpus Christi Police Department according to the conditions of his deferred adjudication. On May 4, 1998, the 214th District Court of Nueces County approved an order terminating community supervision and releasing Kubas from all penalties and disabilities including, Kubas believed, registering as a sex offender. However, amendments to the sex offender statutes, effective as of September 1, 1997, required appellant's continued registration for the ten years following his discharge from community supervision. Act of June 1, 1997, 75th Leg., R.S., ch.668 § 1, 1997 Tex. Gen. Laws 2253, 2260–61 (current version at TEX. CODE CRIM. PROC. ANN. art. 62.11, 62.12(b)(2) (Vernon Supp.2002)).

Kubas sought relief from this requirement through a writ of habeas corpus.

The trial court granted the writ based on the application, and then conducted a hearing on April 17, 2000. Kubas was the only witness to testify at the hearing. The following is a summary of his testimony. Kubas is: married with children, employed, and has no other felony history. He registered as a sex offender for the five years during his community supervision according to the terms of his deferred adjudication. He continued to register after his discharge on the advice of a probation officer. He must report changes of address, and must verify his address once a year. He is subject to unannounced address verification visits by law enforcement agencies. He has received an address verification postcard from the Texas Department of Public Safety that identifies him as a registered sex offender. On October 2, 2000, the trial court denied relief and Kubas appealed.

## Standard of Review

The burden of proof in a habeas corpus hearing is on the applicant. *See Ex Parte Zavala*, 900 S.W.2d 867, 870 (Tex. App.–Corpus Christi 1995, no pet.) (citing *Ex Parte Plumb*, 595 S.W.2d 544, 545 (Tex.Crim.App.1980)). In reviewing the decision of the trial court, we review the facts in the light most favorable to the ruling and will uphold it absent an abuse of discretion. *See id.* (citing *Galvan v. State*, 869 S.W.2d 526, 528 (Tex.App.-Corpus Christi 1993, pet. ref'd) and *Woodson v. State*, 777 S.W.2d 525, 527 (Tex.App.-Corpus Christi 1989, pet. ref'd)). That is, we give the trial court almost total deference with regard to findings of historical fact supported by the record, but we review the trial court's determination of the law as well as its application of the law to the facts *de novo. See Ex Parte Nagle*, 48 S.W.3d 213, 215–16 (Tex.App.-San Antonio

2000, no pet.) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997)).

■ By his single issue, Kubas contends that the Sex Offender Registration Program and its past amendments, found in chapter 62 of the Texas Code of Criminal Procedure, are unconstitutional as applied to him.[1] Kubas specifically asserts that the amendments, which became effective against him eight months before his discharge, operate as retroactive laws under article I, section 16 of the Texas Constitution.

### Retroactive Application of Statutes

■ The Texas Constitution provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made." TEX. CONST. art. I, § 16. However, "the legislature may make retroactive laws altering remedies and procedures so long as these changes do not disturb vested rights." *Sims v. Adoption Alliance*, 922 S.W.2d 213, 216 (Tex.App.-San Antonio 1996, no writ).

> It is well settled in this state that laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws, or create new obligations, impose new duties, or adopt new disabilities in respect to transactions or considerations past. On the other hand, no litigant has a vested right in a statute or rule which affects a remedy or is procedural in nature and which affects no vested substantive right. Changes in such statutes or rules are considered remedial in nature and have been held not to violate the provi-

sions of Article 1, sec. 16 of the [Texas] Constitution.

*Ex Parte Abell*, 613 S.W.2d 255, 260 (Tex. 1981) (citations omitted).

■ Consequently, remedial laws that do not disturb vested rights can apply retroactively. *See Rey v. Acosta*, 860 S.W.2d 654, 657 (Tex.App.-El Paso 1993, no writ). Furthermore, the retroactive laws provision has *never* been made applicable to statutes merely affecting matters of procedure that do not disturb vested, substantive rights. *See Grimes v. State*, 807 S.W.2d 582, 587 (Tex.Crim.App.1991) (emphasis added). This Court has held that the registration requirements of the Registration Program are remedial in nature, rather than punitive. *See Saldana v. State of Texas*, 33 S.W.3d 70, 71 (Tex. App.–Corpus Christi 2000, no pet.). Now, we must determine whether Kubas's vested rights are disturbed by the amendments to the Registration Program.

■ Analysis of retroactivity and its effect on vested rights is difficult because "the term 'vested rights' is amorphous." *Sims*, 922 S.W.2d at 216. "The Texas Constitution, unlike the Federal Constitution, has a specific prohibition against retroactive laws. The provision in the State Constitution broadly protects rights, although they may not be rights in property." *Id.* (quoting *Texas Water Rights Comm. v. Wright*, 464 S.W.2d 642, 648 (Tex.1971)). "A right has been defined to be 'a well-founded claim, and a well-founded claim means nothing more nor less than a claim recognized or secured by law.'" *Wright*, 464 S.W.2d at 648 (quoting *Mellinger v. City of Houston*, 68 Tex. 37, 45, 3

---

1. On September 1, 1997, the challenged amendments expanded the class of offenders required to register to include sex offenders from 1970 to the present, who were currently incarcerated or under court supervision. Act of June 1, 1997, 75th Leg., R.S., ch.668 § 1,

1997 Tex. Sess. Law Serv. 2253, 2260–61. Before these statutory changes, Kubas had escaped the Registration Program because it only required registration by court supervised offenders dating back to September 1, 1993.

S.W. 249, 253 (1887)). The Texas Supreme Court has also found this further explanation useful:

> [A] right, in a legal sense, exists, when, in consequence of the existence of given facts, the law declares that one person is entitled to enforce against another a given claim, or to resist the enforcement of a claim urged by another. Facts may exist out of which, in the course of time or under given circumstances, a right would become fixed or vested by operation of existing law, but until the state of facts which the law declares shall give a right comes into existence there cannot be in law a right; and for this reason it has been constantly held that, until the right becomes fixed or vested, it is lawful for the lawmaking power to declare that the given state of facts shall not fix it, and such laws have been constantly held not to be retroactive in the sense in which that term is used.

*Ex Parte Abell*, 613 S.W.2d at 261 (quoting *Mellinger*, 68 Tex. at 45–46, 3 S.W. at 253).

■ The court in *Abell* goes on to paraphrase an early constitutional authority that stated:

> A right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or future enjoyment of exemption of a demand made by another.

*Id.* (citing *DuPre v. DuPre*, 271 S.W.2d 829, 832 (Tex.Civ.App.-Dallas 1954, no writ) (quoting *McCutcheon & Church v. Smith*, 194 S.W. 831, 834 (Tex.Civ.App.-Dallas 1917, no writ))). The *Abell* court then points to an earlier case where it held that there is "no vested right to that which constitutes a mere expectancy based upon anticipated continuance of existing law."

*Id.* (citing *City of Dallas v. Trammell*, 129 Tex. 150, 101 S.W.2d 1009, 1014 (1937))

Based on this discussion of vested rights, it appears that Kubas had only an expectation that the Registration Program would continue on without bringing him within its class of offenders. This expectation does not amount to a vested right. A similar rationale can be found in a recent Court of Criminal Appeals case in which the court held, "[t]he resolution of criminal charges will always carry the possibility of collateral consequences, and as long as those consequences are not statutorily restricted, disabilities and disqualifications which the defendant might not have anticipated may proceed from the prior cause." *Scott v. State*, 55 S.W.3d 593, 597 (Tex. Crim.App.2001).

Here, the challenged amendments expand the class of offenders required to register but does not alter statutorily restricted collateral consequences, such as the duration of registration. Keep in mind that before these amendments Kubas was registered as a condition of his deferred adjudication, and not under the statutory Registration Program. So, while the extent of his registration was affected by the amendments, they simply initiated his registration requirement under the statutory scheme. The amendments could not change his statutory registration period from one particular duration to a longer duration, because before the amendments Kubas had no statutory registration requirement. Thus, statutorily restricted collateral consequences, like the duration of registration, are not altered as the Court of Criminal Appeals feared in *Scott*.

To conclude, the challenged amendments are remedial in that they operate to place pre–1993 deferred-adjudication offenders who were still under court supervision, like Kubas, within the bounds of the Registration Program. Before these

amendments, this class of offender had escaped the requirements of the Registration Program and were registered, if at all, only as a condition of their deferred adjudication. This change in the Registration Program does not disturb Kubas's vested rights. Hence, the Registration Program and its past amendments do not violate the retroactive laws provision of the Texas Constitution.

Our review of the record establishes that the trial court did not err in denying Kubas habeas relief. In sum, Kubas was placed on deferred adjudication community supervision in 1993. In 1997, the challenged amendments expanded the class of offenders required to register to include those currently incarcerated or under court supervision for sex offenses dating back to 1970. These amendments became effective eight months before Kubas was discharged from court supervision. Because these amendments are essentially remedial statutes operating to include a previously omitted group of offenders, we hold that the challenged statutes do not disturb Kubas's vested rights. Accordingly, we hold that the constitutional prohibition against retroactive legislation is not violated by the application of the Sex Offender Registration Program and its past amendments to Kubas.

The judgment of the trial court is affirmed.