NUMBER 13-02-384-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                    

TIMOTHY SCOTT ROLLINGS
AKA TIMOTHY SCOTT ROLLINS,                                      Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.
                                                                                                    

On appeal from the 36th District Court of San Patricio County, Texas.
                                                                                                     

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez

         Following a bench trial, appellant, Timothy Scott Rollings, a/k/a Timothy Scott
Rollins, was found guilty of the third-degree felony offense of failure to comply with
sex-offender registration requirements.


 He was sentenced to four years imprisonment
and assessed a fine of $1,500. In four issues, he contends: (1) the evidence is legally
and factually insufficient to support his conviction; (2) his conviction and punishment
constitute cruel and unusual punishment in violation of the Eighth Amendment to the
United States Constitution; and (3) application of the registration requirements to his
1986 conviction is an ex post facto prosecution in violation of Article I, Section 10 of
the United States Constitution. We affirm.
         The trial court has certified that Rollings has a right to appeal. See Tex. R. App.
P. 25.2 (a)(2). As this is a memorandum opinion and the parties are familiar with the
facts, we will not recite them here except as necessary to advise the parties of the
court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
I. Sufficiency of the Evidence
A. Standard of Review 
         Claims of legal insufficiency of evidence are reviewed by examining the evidence 
in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d
818, 820 (Tex. Crim. App. 2003). 
         We measure the legal sufficiency of the evidence in a non-jury trial by the
elements of the offense as defined by the hypothetically correct jury charge for the
case. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A
hypothetically correct jury charge sets out the law, is authorized by the indictment,
does not increase the State’s burden of proof or necessarily restrict the State’s
theories of liability, and adequately describes the particular offense for which the
defendant was tried. Id.; see Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App.
2000) (“We believe the ‘law’ as ‘authorized by the indictment’ must be the statutory
elements of the offense . . . as modified by the charging instrument.”). In Malik, the
court of criminal appeals provided that this standard can be applied to all trials,
whether to the bench or to the jury. Malik, 953 S.W.2d at 240; see Fuller v. State,
73 S.W.3d 250, 252 (Tex. Crim. App. 2002) (evidentiary sufficiency should be
measured against “elements of the offense as defined by the hypothetically correct
jury charge for the case” in all sufficiency cases). 
         Questions concerning the credibility of witnesses and the weight to be given
their testimony are to be resolved by the trier of fact. Mosely v. State, 983 S.W.2d
249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient when
conflicting evidence is introduced. Matchett v. State, 941 S.W.2d 922, 936 (Tex.
Crim. App. 1996). The reviewing court must assume that the fact finder resolved
conflicts, including conflicting inferences, in favor of the verdict, and must defer to
that resolution. Id. 
         We also measure the factual sufficiency of the evidence in a non-jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Adi v. State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d)
(discussing application of “hypothetically correct jury charge” analytical construct in
context of factual-sufficiency review in case tried to jury). In reviewing the factual
sufficiency of the elements of the offense on which the State carries the burden of
proof, we impartially examine all of the evidence and set aside the verdict only if
“proof of guilt is so obviously weak as to undermine confidence in the [fact-finder’s]
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by the contrary proof.” Swearingen v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). 
We are also required to accord due deference to the fact-finder’s determinations on the
weight and credibility of the evidence and may not merely substitute our own
judgment for that of the fact-finder. Id.; Johnson, 23 S.W.3d at 7; see Mosely, 983
S.W.2d at 254 (questions concerning credibility of witnesses and weight given their
testimony are resolved by the trier of fact).
         Because a bench trial is a unitary proceeding, evidence that is introduced at the
punishment phase of a trial, on a plea of not guilty, may be considered in determining
the sufficiency of the evidence. Barfield v. State, 63 S.W.3d 446, 450 (Tex. Crim.
App. 2001).
B. Applicable Law
         The Texas Code of Criminal Procedure provides that a person who has a
reportable conviction, such as a sex offense against a minor,


 must register with the
local law enforcement authority in any municipality where the person resides or intends
to reside for more than seven days. Tex. Code Crim. Proc. Ann. art. 62.02(a) (Vernon
Supp. 2004). If the person does not reside or intend to reside in a municipality, the
person must register in the county where the person resides or intends to reside for
more than seven days. Id.
         Under the penal code, a person does not commit the offense of failure to comply
with registration requirements unless he intentionally, knowingly, recklessly, or with
criminal negligence engages in the offense. Tex. Pen. Code Ann. § 6.02(b), (c) (Vernon
2003). A person acts with intent with respect to the nature or result of his conduct
when it is his conscious objective or desire to engage in the conduct or cause the
result. Id. § 6.03(a). A person acts knowingly with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the nature
of his conduct or that the circumstances exist, and he acts knowingly as to the result
of his conduct when he is aware that his conduct is reasonably certain to cause the
result. Id. § 6.03(b). A person acts recklessly with respect to the circumstances
surrounding his conduct or the result of his conduct when he is aware of, but
consciously disregards, a substantial and unjustifiable risk that the circumstances exist
or the result will occur. Id. § 6.03(c). 
C. Analysis 
         Here, the indictment alleges that on or about January 12, 2002, Rollings was
required to register in the “municipality where [he] resided or intended to reside for
more than seven days, to wit: the city of Ingleside, Texas” and that he intentionally,
knowingly, or recklessly failed to register. 
         Rollings challenges the legal and factual sufficiency of the evidence to support
his conviction. In the sections of his brief addressing his challenges to legal and
factual sufficiency, Rollings specifically argues that “the State failed to prove at [his]
trial on guilt/innocence that [he] was ever notified that he had to register as a sex
offender in Texas. The State only proved at that trial that [he] was not registered in
Ingleside, Texas.”
         Rollings testified at the punishment phase of the trial that he was aware that he
was required to register as a sex offender. He further testified that he had attempted
to register with the county but failed to complete the process. 
         Rollings testified he did not move to Ingleside until January 20, 2002, four days
before his arrest. His fiancee, Melissa Garza, also testified that he did not move to
Ingleside until January 20, 2002, but that prior to that time, he used the Ingleside
address as his mailing address. Evidence presented at trial showed Rollings listed his
address as “2781 Beaumont, Ingleside” in an October 2001 loan application that
specifically required a residential address. The evidence also included various police
reports Rollings submitted dating from October 2001 in which he listed his address as
“2781 Beaumont, Ingleside.”
         Viewing the evidence in the light most favorable to the prosecution and
measuring it against the elements of the offense as defined by the hypothetically
correct jury charge, we hold that a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. See Sanders, 119 S.W.3d at
820; Malik, 953 S.W.2d at 240. We hold the evidence is legally sufficient to support
Rollings’s conviction.
         We presume that the trier of fact resolved any conflicts concerning the
credibility of witnesses and the weight given their testimony in favor of the
prosecution. See Jackson, 443 U.S. at 326; Swearingen, 101 S.W.3d at 97. We
defer to the fact finder’s resolution of conflicting evidence. Swearingen, 101 S.W.3d
at 97. We do not find the verdict so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. See Johnson, 23 S.W.3d at 7. We hold
the evidence is factually sufficient to support Rollings’s conviction. We overrule
Rollings’s first and second issues. 
II. Cruel and Unusual Punishment 
         In his third issue, Rollings contends his four-year sentence for “a mere
administrative violation” is unconstitutionally disproportionate to the severity of the
offense and thus constitutes cruel and unusual punishment in violation of the Eighth
Amendment.
         The Eighth Amendment provides that no cruel and unusual punishment shall be
inflicted on individuals. U.S. Const. amend. VIII. It is applicable to the states by and
through the Fourteenth Amendment. See Robinson v. California, 370 U.S. 660, 667
(1962). 
         The State argues Rollings failed to object at trial regarding cruel and unusual
punishment, and thus failed to preserve the issue on appeal. 
         The record reflects that after assessing punishment at four years, the following
exchange occurred at the close of the punishment hearing:
[Court]: Do you have anything to say legally why that sentence [four
years and $1500 fine] should not be pronounced at this time?
 
[Rollings]: Yes, sir.
 
[Court]: All right.
 
[Rollings]: I think that’s a little excessive, Your Honor. I know I messed
up, I know I should be punished for it, but that’s a little excessive. I tried
to take care of it, I was working 108 hours a week, Judge. I was
planning a wedding. I’m trying to get myself back together. I’m not out
there robbing nobody, I’m not hurting nobody, I was trying to do the right
thing. 
 
         In order to preserve a complaint for appellate review, a party must have
presented a timely request, objection, or motion to the trial court stating the specific
grounds for the objection and have obtained a ruling. Tex. R. App. P. 33.1. It is well-settled that even constitutional rights may be waived by a failure to object. Id.; Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Luna v. State, 70 S.W.3d
354, 359 (Tex. App.–Corpus Christi 2002, pet. ref’d). 
         We conclude it is unnecessary for us to decide whether Rollings preserved his
complaint because even if preserved, his claim is without merit. It is also well
established that a sentence that falls within the range of punishment prescribed by the
legislature is not excessive, cruel, or unusual. Samuel v. State, 477 S.W.2d 611, 614
(Tex. Crim. App. 1972); Morales v. State, 897 S.W.2d 424, 427 (Tex. App.–Corpus
Christi 1995, pet. ref'd). Here, Rollings was sentenced to four years imprisonment,
which is within the prescribed range for the offense.


 We overrule appellant's third
issue.
III. Ex post facto Challenge
         In his fourth issue, Rollings argues that application of the sex offender
registration requirements to his 1986 South Carolina conviction violates the ex post
facto clause of the United States Constitution. This argument was rejected by the
court of criminal appeals in Rodriguez v. State, 93 S.W.3d 60, 79 (Tex. Crim. App.
2002), wherein the court held that the Texas sex offender registration statute does not
violate ex post facto principles. See id. This Court has similarly held that sex offender
registration is remedial in nature and not subject to ex post facto analysis. See Ex
parte Kubas, 83 S.W.3d 366, 369 (Tex. App.–Corpus Christi 2002, pet. ref’d) (citing
Saldana v. State, 33 S.W.3d 70, 71 (Tex. App.–Corpus Christi 2000, no pet.)); see
also Dean v. State, 60 S.W.3d 217, 225 (Tex. App.–Houston [14th Dist.] 2001, pet.
ref’d). 
         We hold that the sex offender registration requirements do not violate ex post
facto principles. Accordingly, we overrule Rollings’s fourth issue. 
         We affirm the judgment of the trial court.
 
                                                                                                                       

                                                      LINDA REYNA YAÑEZ
                                                      Justice



Do not publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
20th day of May, 2004.