May 27, 2015

24,369-08

COURT OF CRIMINAL APPEALS
ATTN: COURT CLERK
201 W 14TH St. Rm 106
AUSTIN, TEXAS 78701

RE: APPLICATION FOR WRIT OF HABEAS CORPUS
WRIT No. WR-24,369-08
EX PARTE STEVIE A. ROBERSON

Mr./Ms.
ENCLOSED PLEASE FIND STEVIE A. ROBERSON #1877155
ORIGINAL AND THREE COPIES OF HIS REBUTTAL TO STATE'S
SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR
WRIT OF HABEAS CORPUS Art. 11.07 WITH EXHIBITS A-D TO
BE FILED WITH THE PROPER COURT.
WOULD YOU PLEASE STAMP COPY #4 APPLICANT'S
COPY FOR HIS RECORDS AND RETURN THE COURT SEAL STAMPED
COPY TO THE ADDRESS BELOW.
YOUR PROMPT ATTENTION TO THIS MATTER IS HIGHLY
APPRECIATED.

THANK YOU,
Stevie A. Roberson
#1877155 COLE UNIT
3801 SILO ROAD
BONHAM, TEXAS 75418

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 01 2015
Abel Acosta, Clerk

WR-24,369·08
TR.CK.No. 114·0760-13-A

| | |
|---|---|
| EX PARTE | IN THE COURT OF |
| | CRIMINAL APPEALS |
| STEVIE ANDRE ROBERSON | AUSTIN, TEXAS |

---

## APPLICANT'S REBUTTAL TO STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS

---

**TO THE HONORABLE JUSTICE OF THE COURT OF CRIMINAL APPEALS:**

Comes now **STEVIE ANDRE ROBERSON #1877155** acting in pro-se in the above styled captioned of cause, submit the following Rebuttal with Exhibits A-D to the State's Supplemental Answer and the 114th District Court's Finding of Facts and Conclusion of Law to Application for Writ of Habeas Corpus and will show as follows;

**I.     BRIEF HISTORY OF THE CASE**

On December 9, 2009 applicant was paroled in Cause No. 114.1462.03 for man./del. of controlled substance, as a condition to parole the State imposed sex offender stipulations and registration.   In Feb./2013 applicant was not physically present at the home address on the registration form when the Smith County Sheriff Dept. conducted a sex offender resident update. March 1, 2013 a warrant was issued.  March 26, 2013 he was arrested and charged with failure to comply with sex offender registration.   Aug. 1, 2013 on the advice of his court appointed counsel, applicant plead guilty to Art. 62.102 failure to register as a sex offender and received 25 years confinement in T.D.C.J.-C.I.D. in a plea agreement.

1

## II.  GROUNDS FOR RELIEF

(1) Wrongful conviction: void/invalid indictment; (2) Ex post facto cause; (3) 5th amendment violation: double jeopardy – punished twice; (4) 8th amendment violation – cruel and unusual punishment; and (5) Ineffective assistance of counsel.

## III.  STATEMENT OF FACTS

When applicant unconditionally discharged Cause No. 7-82-416 rape conviction March 16, 1986 no probation, parole or mandatory supervision; he acquired a vested substantive right to exemption of any future actions in regards to this rape conviction by the state. Applicant is entitled to relief.

## IV.  BURDEN OF PROOF

The burden of proof is on applicant. Ex Parte Rains, 555 S.W.2d 478 (Tex.Crim.App.1977). Applicant must "prove by a preponderance of the evidence" that his alleged violations "contributed to his conviction or punishment." Ex Parte Williams, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001). In order to prevail, applicant must show facts which, if true, would entitle him to relief. Ex Parte Maldonado, 688 S.W.2d 114,116 (Tex. Crim. App. 1985). Relief may be granted where conviction holding applicant confined is void/invalid. Ex Parte Duncan, 746 S.W.2d 562 (Tex. Crim. App. 1990).

**REBUTTAL GROUND ONE:** Wrongful conviction, invalid/void indictment.

The state claims that applicant did not object to an error of form or substance in the indictment Cause No. 114-0760-13 (Exhibit A pg. 1-2). Before the date on which the trial begins he "waives and forfeits the right to object to the defect, error or irregularity and he may not raise the objection on appeal or in any other postconviction proceedings".

Applicant disagrees because, "a plea of guilty does not preclude an actual innocence claim (wrongful conviction) on Application for Writ of Habeas Corpus." See Ex Parte Tuley,

2

109 S.W.3d 388,390,397 (Tex. Crim. App. 2002). Applicant learned after pleading guilty that he has a vested substantive right to exemption of the sex offender registration program.

The state contends that applicant's prior rape conviction Cause No. 7-82-416 of March 16, 1983 requires him to register as a sex offender under Art. 62.002 Tex. Code of Crim. Proc.

Applicant disagrees because when he unconditionally discharged the 3 year T.D.C.J. sentence in Cause No. 7-82-416 rape conviction (Exhibit C pg. 4) March 16, 1986 no probation, parole or mandatory supervision, he acquired a vested substantive right to be exempted of any future legal actions by the State in regards to this rape conviction. Applicant has a vested substantive right to exemption of the sex offender registration program that was enacted 5 years after he completed or unconditionally discharged Cause No. 7-82-416 rape conviction.

See Ex Parte Kubas, 83 S.W.3d 366 at 367 (2002) Const. Law 92 "where a right cannot be considered a vested right unless it is something more than just a mere expectation as may be based upon an anticipated continuance of the present laws, it must have become a title, legal or equitable to the present or future enjoyment of exemption of a demand made by another."

The sex offender registration program statue was enacted June/1991. Since then Legislature has made numerous amendments/statutes altering remedies and procedures, including Art. 62.002 Tex. Code of Crim. Proc. which deprived applicant of his vested substantive right preserved under the former statute Art. 62.11 Tex. Code of Crim. Proc. (See Exhibit B pg. 3).

See In Re K.N.P., 179 S.W.3d 717 (2005) Const. Law 186, "The legislature can pass legislation affecting a remedy for an accrued cause of action without violating State Constitutional Article prohibiting retroactive laws if it affords a reasonable time or fair opportunity to preserve the claimant's rights under the former law." Vernon's Ann. Tex Const. Art. 1&16.

The change in the remedy to Art. 62.002 Tex. Code of Crim. Proc. omitted in part, "that offenders must still be serving that same sex offense in prison, on probation, parole or mandatory supervision as of Sept. 1, 1997 to be required to register as a sex offender under state law (Exhibit B pg. 3) clearly stated in former statute Art. 62.11 Tex. Code Crim. Proc. See Rodriguez V. State, 93 S.W.3d 60 at 66 (2002). Applicant has a vested right to be exempted from registering as a sex offender. He was not under any form of state supervision as of Sept. 1, 1997 in regards to Cause No. 7-82-416 Rape.

See Ex Parte Kubas, 83 S.W.3d 366 (2002) Const. Law 191; "Legislature may make retroactive laws altering remedies and procedures so long as these changes do not disturb vested rights."

"The state appellate courts have a duty to interpret the laws enacted by legislatures" State v. Mason, 980 S.W.2d 635 (1998) statute 176.

Applicant do not have a duty to register as a sex offender. He is not in violation of Art. 62.102 failure to register as a sex offender in Cause No. 14-0760-13. Applicant has been wrongfully convicted by the State use of an invalid/void indictment.

Applicant is entitled to relief.

**REBUTTAL GROUND TWO:** Ex post facto/retroactive law cause.

The State cites Rodriguez v. State, 93 S.W.3d 60, 77-79 (Tex. Crim. App. 2002) as it's case law to show applicant's ex post facto claim has no merit. However unlike Rodriguez who was under state supervision for a sex crime until 3-18-2003, well within the sex offender registration program enactment of June/1991 and amended in Sept. 1997.

Applicant argues that the State violated both the State of Texas and United States constitutional ban on retroactive laws/statutes that:(A) impairs the obligation of contracts; (B) deprives vested substantive rights and (C) imposes new duties or adopt new disabilities in respect to transaction pasted or completed, by imposing sex offender stipulations and registration as a

4

condition to applicant's parole in Cause No. 114-1462-03 for man./del. of controlled substance. Applicant will show as follows:

**(A)** **IMPAIRED THE OBLIGATION OF APPLICANT'S CONTRACT**

On March 16, 1983 applicant signed a judgement agreement with the 7th District Court of Smith County Texas in Cause No. 7-82-416 rape conviction (Exhibit C pg. 4) to a 3 year term in (T.D.C.) Texas Dept. of Corrections. The agreement was when applicant completed the 3 year term in T.D.C. All legal obligations/liabilities were terminated. Applicant unconditionally completed/discharged Cause No. 7-82-416 rape conviction on March 16, 1986. See Atkins v. Womble, 300 S.W.2d 688; "Where a valid contract agreement and a release constitute a complete bar to any later action based on matters included in the contract agreement and covered by the release." U.S.C.A. Const. Art 1& 10 Cl and Vernon's Ann. Tex. Const Art. 1&16.

The state impaired the obligations of applicant's judgement agreement in Cause No. 7-82-416 rape conviction by using this completed rape conviction as a liability to indict, prosecute, convict and imprison applicant in Cause No. 114-0760-13 failure to register as a sex offender, violating both the Texas and United States constitutional laws. Applicant is entitled to relief.

**(B)** **DEPRIVED OF HIS VESTED SUBSTANTIVE RIGHT**

When applicant unconditionally discharged Cause No. 7-82-416 rape conviction March 16, 1986 no probation, parole or mandatory supervision, he vested a substantive right to exemption of the sex offender registration program statute, because this statute was enacted 5 years after applicant unconditionally discharged Cause No. 7-82-416 rape conviction. See Ex Parte Kubas, 83 S.W.3d 366 at 367 (2002 Tex. Crim. App.) Const. Law 92; "Where a right cannot be considered a vested right unless it is something more than just a mere expectation as may be based upon an anticipated continuance of the present laws, it must have become a title, legal or equitable to the present or future enjoyment of exemption of a demand made by another."

5

The sex offender registration program statute was originally enacted June/1991. Since then the legislature has made several amendments and changes altering remedies and procedures, including Art. 62.002 Tex. Code Crim. Proc. which deprived applicant of his vested substantive right acquired under the former statute Art. 62.11 Tex. Code of Crim. Proc. which clearly states, "Offender convicted of a certain sex offense on or after Sept. 1, 1970 and who were still serving that sex offense under some form of state supervision as of Sept. 1, 1997 are required by law to register as a sex offender." (Exhibit B pg. 3) Rodriguez v. State, 93 S.W.3d 60 at 66 (2002). Applicant discharged Cause No. 7-82-416 rape conviction March 16, 1986 no probation, parole or mandatory supervision (Exhibit C pg. 4).

See In Re K.N.P., 179 S.W.3d 717 (2005) Const. Law 186; "The legislature can pass legislation affecting a remedy for an accrued cause of action without violating state constitutional article prohibiting retroactive laws if it affords a reasonable time or fair opportunity to preserve a claimant's rights under the former law" Vernon's Ann. Tex. Const. Art. 1&16.

Art. 62.002 Tex. Code of Crim. Proc. is an amended statute/law of the sex offender registration program altering procedures and remedies that resulted in applicant being deprived of his vested substantive right to be exempted from registering as a sex offender.

See Ex Parte Kubas, 83 S.W.3d 366 (2002) Const. Law 191; "Legislature may make retroactive laws altering remedies and procedures so long as these changes do not disturb vested rights."

Also see Ex Parte Kubas, 83 S.W.3d 366 at 367 (2002) Const. Law 191, Mental Health 433(2); "Registration requirements of the sex offender registration program are remedial in nature rather than punishment for past crimes, and thus are not subceptable to claim that they violated constitutional prohibition against retroactive laws, unless they deprive or impair vested substantive rights" Art. 62.11 Tx. C.C.P.

6

The state has deprived applicant of his vested substantive right to be exempted from registering as a sex offender, he discharged Cause No. 7-82-416 rape conviction March 16, 1986 (Exhibit C pg. 4) no probation, parole or mandatory supervision 5 years before the enactment of the sex offender registration program effective date June/1991. See Ex Parte *GRUEBEL, 153 S.W. 3d 686, 687 (2005) STATUTES 264, 267 "THIS STATUTE IS REMEDIAL IN NATURE."*

The state deleted Art. 62.11 Tex. Code of Crim. Proc. and amended the law with Art. 62.002 Tex. Code of Crim. Proc. altering the remedy of class of offenders who are required to register as a sex offender by omitting a very specific part of Art. 62.11 TX. C.C.P. requirement which states, "Offenders must still be serving that sex offense in prison, on probation, parole or mandatory supervision as of Sept. 1, 1997 to be required to register as a sex offender under state law (Exhibit B pg. 3) Rodriguez v. State, 93 S.W.3d 60 at 66 (2002). This change in remedy or procedure deprived applicant of a vested substantive right because he was not under any form of state supervision in Cause No. 7-82-416 rape conviction as of Sept. 1, 1997. See Ex Parte Kubas, 83 S.W.3d 366 at 367 (2002) Const. Law 191, Mental Health 433(2); also see In Re K.N.P. 179 S.W.3d 717 (2005) Const. Law 186.

The month and year that sexual assault (rape) 22.011 became registratable under Title 110A Revised Statues Article 6252-13c.1 was Sept. 1, 1991 (Exhibit B pg. 3). The state has deprived applicant of a vested substantive right to be exempt of registering as a sex offender because his rape sexual assault occurred Aug. 14, 1982. See State's Supplemental Answer to Application for Writ of Habeas Corpus Attachment 1 Indictment 7-82-416.

Applicant is entitled to relief.

## (C)   IMPOSED NEW OBLIGATIONS/DUTIES TO TRANSACTION PAST

Prior to applicant's conviction for man./del. of controlled substance in Cause No. 114-1462-03, he did not have a duty to register as sex offender. Dec. 9, 2009 applicant was paroled

in Cause No. 114-1462-03 man./del. controlled substance. As a condition to parole, the state imposed sex offender stipulations and registration (Exhibit D pg. 5-7).

The state cannot use applicant's discharged prior rape conviction Cause No. 7-82-416 (Exhibit C pg. 4) as a liability to impose sex offender stipulations/registration as a condition of parole to applicant's conviction for man./del. controlled substance Cause No. 114-1462-03. See Ex Parte Kubas, 83 S.W.3d 366 at 367 (2002) Const. Law 188; "Laws may not operate retroactively to deprive or impair vested substantive rights or create new obligations, impose new duties nor adopt new disabilities in respect to transactions or considerations past or completed.

The state has violated applicant's rights to both the United States and State's constitutions' ban on retroactive laws. Vernon's Ann. Tex. Const. Art. 1&16 and U.S.C.A. Const. Art. 1&10 cl. 1. He is entitled to relief.

**REBUTTAL GROUND THREE:** Double jeopardy - punished twice; 5th Amend.

When applicant completed the 3 year confinement term of the 7th District Court's judgement in Cause No 7-82-416 rape conviction (Exhibit C pg. 4), he acquired a complete bar to later actions by the State in regards to this rape conviction. See Atkins V. Womble, 300 S.W.2d 688.

The State has used Cause No. 7-82-416 rape conviction a second time as a liability to indict, convict and punish applicant in Cause No. 114-0760-13 failure to register as a sex offender (Exhibit A pg. 1-2) in violation of applicant's rights to the 5th amendment of the United States Constitution double jeopardy clause. Schnautx v. United States, 263 F2d 525; 79 S.ct. 1294; 360 U.S. 910.

Applicant is entitled to relief.

**REBUTTAL GROUND FOUR:** Cruel and unusual punishment; 8th Amend.

The state imposed sex offender stipulations and registration as a condition to applicant's parole in Cause No. 114-1462-03 man./del. of a controlled substance, which has no connection to

8

a sex crime (Exhibit D pg. 5-7) as a means of punishment for a prior rape conviction Cause No. 7-82-416 that ultimately resulted in applicant being convicted and sentenced to 25 years confinement in T.D.C.J. in Cause No. 114-0760-13 failure to register as a sex offender. See Speth v. State, 965 S.W.2d 13 at 15 (1998). This act by the State amounts to cruel and unusual punishment. Applicant is entitled to relief.

**REBUTTAL GROUND FIVE:** Ineffective assistance counsel; 6th Amend.

Applicant argues that his court appointed counsel failed to conduct an in-depth investigation of the sex offender registration program and the status of his prior rape conviction, nor did she acquaint herself with the facts of the class of offenders who are to register as a sex offender under State law, instead relied on the facts of the case as represented by the prosecuting attorney. See Butler v. State, 716 S.W.2d 48 (1986). "FAIL TO INVESTIGATE PRIOR CONVICTION."

In the court appointed counsel's affidavit pg. 4 (State's Supplement Answer Attachment II) she admits that no amount of research of the sex offender program would have changed the facts of applicant's case. Mooney v. State, 817 SW 2d 693, 697 (1991) "IN DEPTH INVESTIGATION"

Applicant disagrees, had counsel researched the constitutional laws in regards to the sex offender registration program statute she would have uncovered significant facts of law to support a defense for trial such as, applicant has a vested substantive right to be exempted from registering as a sex offender because he discharged Cause No. 7-82-416 rape conviction unconditionally March 16, 1986, five years before the enactment of the sex offender registration program. See Const. Law 92 in Ex Parte Kubas, 83 S.W.3d at 367 (2002).

Applicant's prior rape conviction Cause No. 7-82-416 offense date Aug. 14, 1982 happened 9 years before sexual assault 22.011 became registratable Sept. 1, 1991 (Exhibit B pg. 3) Const. Law 92 Ex Parte Kubas, 83S.W.3d 366 at 367 (2002).

Applicant has a vested substantive right to be exempted of registering as a sex offender under former statute/law Art. 62.11 Tex. Code of Crim. Proc. See Const. Law 186 In Re K.N.P., 179 S.W.3d 717 (2005).

That Art. 62.00 Tex. Code of Crim. Proc. is an amended statute/law altering a remedy or procedure to the sex offender registration program statute which deprived applicant of a vested substantive right acquired under former statute/law Art. 62.11 Tex. Code of Crim. Proc. See Const. Law 191 in Ex Parte Kubas 83 S.W.3d 366 (2002).

Counsel admits in her affidavit pg. 4 that she could not find a defense and with her experience dealing with Smith County juries, applicant's prior rape conviction, plus his criminal history, applicant would receive a life sentence. See Attachment II pg. 4 of State's Supplemental Answer.

Applicant has satisfied the Strickland v. Washington standards for an ineffective assistance of counsel claim. See Ex Parte Scott, 190 S.W.3d 672 (2006), "Relief granted when counsel did not have a firm grasp of the law, and the plea entered on counsel's advice was involuntary." See Ex Parte Moody, 991 S.W.2d 856, 858-859 (1999) Crim. Law 273.1(3).

Applicant plead guilty on the advice of his court appointed counsel in Cause No. 114-0760-13 failure to register as a sex offender.

Applicant is entitled to relief.

V.     **CONCLUSION AND PRAYER**

Wherefore, premises considered, applicant prays the court enter a judgement in his favor based on the facts of law in the above Rebuttal to State's Supplemental Answer in Opposition to Application for Writ of Habeas Corpus and grant relief to all grounds argued. Applicant is entitled to the following relief;

## VI. RELIEF SOUGHT

(1)     Enter a judgement that the state wrongfully prosecuted, convicted and imprisoned applicant in cause No. 114-0760-13 for failure to register as a sex offender.

(2)     Overturn/throw out this conviction Cause No. 114-0760-13 failure to register as a sex offender.

(3)     Order the Director of T.D.C.J. - C.I.D. to release applicant.

(4)     Order T.D.C.J. - Parole Division to reinstate applicant's parole in Cause No. 114-1462-03 man./del. of controlled substance without sex offender stipulations or registration.

(5)     Order the State to remove applicant's name from the Registered Sex Offender Data Information on the Texas Dept. of Public Safety website.

Respectfully submitted,

Stevie A. Roberson
Applicant

## INMATE'S DECLARATION

I, Stevie A. Roberson, being incarcerated in T.D.C.J.-C.I.D., declare under penalty of perjury that according to my belief, the foregoing facts stated in the above Rebuttal to State's Supplemental Answer in Opposition to Application for Writ of Habeas Corpus are true and correct.

Signed on _May 27_, 2015

Stevie A. Roberson

11

## CERTIFICATE OF SERVICE

I, Stevie A. Roberson, hereby certify that a copy of Applicant's Rebuttal to State's Supplemental

Answer in Opposition to Application for Writ of Habeas Corpus was served by U.S. mail on

_May 27_ , 2015 to Micheal J. West, Assistant District Attorney for the

State at 100 N. Broadway Ave., Tyler, Texas 75702.

**Applicant**
Stevie A. Roberson
#1877155 Cole Unit
3801 Silo Road
Bonham, Texas 75418

WR-24,369-08
TR Ct. No. 114.0760.13-A

| | |
|---|---|
| EX PARTE | IN THE COURT OF |
| | CRIMINAL APPEALS |
| STEVIE ANDRE' ROBERSON | AUSTIN, TEXAS |

**APPLICANT'S EXHIBITS IN SUPPORT OF REBUTTAL TO STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS**

# EXHIBITS A – D

Pages 1 - 7

RESPECTFULLY SUBMITTED,

Stevie A. Roberson

May 27, 2015

# INDICTMENT

FILED
LOIS ROGERS
DISTRICT CLERK

2013 JUN 24 AM 10: 49

BY _____ DEPUTY

| THE STATE OF TEXAS | IN THE 114TH DISTRICT COURT |
|---|---|
| VS | SMITH COUNTY, TEXAS |
| STEVIE A. ROBERSON | 3699 0007 |

CHARGE: Failure to Register as Sex Offender · ARTICLE: 62.102 CONTROL #: 13-02906

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the January-June Term, 2013, of the 114TH Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court that on or about the 1st day of March, 2013, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, STEVIE A. ROBERSON, did then and there, while being a person required to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, to-wit: Smith County, because of a reportable conviction for Rape, on the 16th day of March, 1983, in cause number 7-81-416, in the 7TH District Court of Smith County, Texas, intentionally or knowingly fail to register with the local law enforcement authority in said county;

AND THE GRAND JURORS AFORESAID do further present in and to said Court that on or about the 1st day of March, 2013, and anterior to the presentment of this Indictment, in the County and State aforesaid STEVIE A. ROBERSON did then and there, while being a person required to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, to-wit: Smith County, because of a reportable conviction for Rape, on the 16th day of March, 1983, in cause number 7-81-416, in the 7TH District Court of Smith County, Texas, intentionally or knowingly fail to comply with change of address provision;

AND THE GRAND JURORS AFORESAID do further present in and to said Court that on or about the 1st day of March, 2013, and anterior to the presentment of this Indictment, in the County and State aforesaid STEVIE A. ROBERSON did then and there, while being a person required to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, to-wit: Smith County, because of a reportable conviction for Rape, on the 16th day of March, 1983, in cause number 7-81-416, in the 7TH District Court of Smith County, Texas, intentionally or knowingly fail to comply with visiting location provision;

Original – Pink    State's Copy – Green    Defendant's Copy – Canary

EXHIBIT A

114-0760-B

AND THE GRAND JURORS AFORESAID do further present in and to said Court that on or about the 1st day of March, 2013, and anterior to the presentment of this Indictment, in the County and State aforesaid STEVIE A. ROBERSON did then and there, while being a person required to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, to-wit: Smith County, because of a reportable conviction for Rape, on the 16th day of March, 1983, in cause number 7-81-416, in the 7TH District Court of Smith County, Texas, intentionally or knowingly fail to comply with status change;

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 14th day of June, 1995, in cause number 4-95-338 in the 114TH District Court of Smith County, Texas, the defendant was convicted of the felony offense of Forgery by Passing;

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 4-95-338 was final, the defendant committed the felony offense of Man Del CS PG 1>=1G<4G, and was convicted on the 6th day of February, 2004, in cause number 114-1462-03 in the 114TH District Court of Smith County, Texas;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Original – Pink          State's Copy – Green          Defendant's Copy – Canary

-2-

TEXAS DEPT. OF CRIMINAL JUSTICE
OFFENDER ORIENTATION HANDBOOK
1-202 (REV. 11/04)
PAGE NO. 62

C.     Sex Offender Registration Program Information

Sex offender registration is required in all 50 states. Offenders convicted of certain sexual offenses on or after September 1, 1970, and who were still serving that sentence in prison, on probation, parole or mandatory supervision as of September 1, 1997, are required by law to register with local law enforcement authorities. TDCJ will complete the registration paperwork at the time of your release from prison and send it to the local law enforcement agency in the community where you will live and to the Texas Department of Public Safety (DPS). Within 7 days of your release, you must report to the local law enforcement agency and verify the information. Failure to do so may result in a new felony conviction.

TDCJ will also assess your level of risk to re-offend based upon a risk assessment instrument approved by the Risk Assessment Review Committee. The risk level is noted on the registration form. If you are noted as high risk and were convicted of a sex offense on or after January 1, 2000, your neighbors will receive a post card about you after you arrive in the community.

Information will also be printed in the newspaper on certain sex offenders and will be available on the DPS website regardless of the offender s risk level.

OFFENSE CODES REQUIRING REGISTRATION
Under Title 110A, Revised Statutes
Article 6252 - 13c.1
Adult and Juvenile Offenders

| PENAL CODE | OFFENDER DESCRIPTION | MONTH/YEAR THE OFFENSE BECAME REGISTRABLE |
|---|---|---|
| Section 15.01 Section 15.02 Section 15.03 | Conviction For Attempt, Conspiracy or Solicitation of an offense listed below (excluding indecent exposure). | 09-01-1995 |
| Section 20.02 Section 20.03 | Unlawful Restraint, Kidnapping, or Aggravated Kidnapping and the judge made an affirmative finding that the victim or intended victim was younger than 17 years of age. (including deferred adjudication) | 09-01-1991 |
| Section 21.11 | Indecency with a child (excluding deferred adjudication) | 09-01-1991 |
| Section 21.11 | Indecency with a child (including deferred adjudication) | 09-01-1993 |
| Section 22.011 | Sexual Assault (excluding deferred adjudication) | 09-01-1991 |
| Section 22.011 | Sexual Assault (including deferred adjudication) | 09-01-1993 |

-3-

475-14 **SENTENCE.**



# EXHIBIT C

**THE STATE OF TEXAS**

No. 7-82-416 vs.

STEVIE A. ROBERSON

7th

IN THE/DISTRICT COURT OF

Smith County, Texas

Jan.-June Term, 19 83 March 16, 1983

This day this cause being called, the State appeared by her Criminal District Attorney, and the

defendant STEVIE A. ROBERSON

was brought into open Court in person, in charge of the Sheriff, for the purpose of having the sentence of the law pronounced in accordance with the* Verdict of the Jury herein rendered and entered against

him on a former day of this term. And thereupon the defendant STEVIE A. ROBERSON was asked

by the Court whether he had anything to say why said sentence should not be pronounced against him and he

answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of the said defendant STEVIE A. ROBERSON & counsel Hon. Weldon Holcomb

to pronounce sentence against him as follows: It is the order of the Court that the defendant STEVIE A. ROBERSON

who has been adjudged to be guilty of Rape, a felony and whose

punishment has been assessed by the* Verdict of the Jury at confinement in the penitentiary for (3) years, be delivered by the

Sheriff of Smith County, Texas, immediately to the Director of Corrections of the Texas Department of Corrections, or other person legally authorized to receive such convicts, and the said STEVIE A. ROBERSON

shall be confined in said penitentiary for a term of not less than ZXZXZXZXZXZXZXZXZXZXZXZX nor more than (3) years in accordance with the provisions of the

law governing the penitentiaries and the Texas Department of Corrections. And the said STEVIE A. ROBERSON

is hereby remanded to jail until said Sheriff can obey the directions of this sentence.

/s/ Donald Carroll, Judge of said Court

_____        _____

*Insert words applying: Verdict of the Jury or Judgment of the Court.



-4-

# EXHIBIT D



# State of Texas

TDCJ-PD

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PARDONS AND PAROLE DIVISION
### Certificate of Parole

Date of Issuance: 09/19/2009

| | | |
|---|---|---|
| Name | TDCJ # | SID # |
| ROBERSON,STEVIE | 01222812 | 03036290 |

Legal county of residence    Approved county of release
SMITH                      SMITH

Location:    Unit RB, TDCJ-ID

Cause#:    114-1462-03        OFFENSE: MAN/DEL. OF CONTROLLED SUBSTANCE

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Parole under the provisions of Chapter 508, Texas Gov't. Code. THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Parole and shall immediately report to the office indicated below for supervision:

TYLER DPO
3915 MARKET ST
TYLER, TX 75701
(903)581-8511

Go directly to your approved residential plan. Report to your Parole Officer by 9 A.M. the first working day after release date. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.

and shall be permitted to be at liberty in the legal custody of the Parole Division of the Texas Department of Criminal Justice but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Parole herein. The period of Parole shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence. The time to be served under Parole is also calculated as calendar time. The certificate shall become effective when eligibility requirements for Parole under Chapter 508, Texas Gov't. Code have been met or when Parole is ordered by the Board, and when all rules and conditions, including statutorily mandated, general and special conditions are agreed to by said offender.

### STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.
I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.
I shall submit to testing for alcohol or controlled substances.
I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.
I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the offense for which I was sentenced to the Institutional Division.
I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Programs in which I participated in TDCJ.
Upon written instruction from my supervising officer:
I shall participate in a drug or alcohol continuum of care treatment program.
I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.
I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.
I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

### SPECIAL CONDITIONS

L    - I shall be assigned to the maximum level of supervision or supervision caseload until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.

N    - I shall register as a sex offender under Chapter 62, Code of Criminal Procedure and submit a blood sample or other specimen to the Department of Public Safety for the purpose of creating a DNA record.
0.99 - SET DATE 10/1/09

P    - I shall participate in Mental Health/ Mental Retardation treatment, counseling or appropriate caseload as directed by supervising parole officer.

S    - I shall submit to a substance (alcohol/ narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions or any of the related components as directed by the supervising parole officer:

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 19TH DAY OF SEPTEMBER, 2009.

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

If Parole is satisfactorily completed, maximum expiration date will be:

Page 1

# EXHIBIT D

## Certificate of Parole

| Name | TDCJ # | SID # |
|------|--------|-------|
| ROBERSON,STEVIE | 01222812 | 03036290 |

S - Not unlawfully use drugs, narcotics, or controlled substances.

S - I will not use intoxicating inhalants.

S - I will not consume alcoholic beverages.

S - I will submit to urinalysis monitoring.

S - I will submit to alcohol use testing.

X - I shall participate in the Sex Offender Treatment Program to include: 1. I shall abide by all mandated condition components as directed by the Board of Pardons and Paroles and 2. I shall abide by additional sex offender condition components to the extent directed in writing by the supervising parole officer.

X - Not enroll in, attend, be employed by, volunteer for or enter an institution of higher learning, to include community college, junior college, university, public or private or any facilities off-site or otherwise, without board panel approval and notification of the victim or guardian of the victim of the instant offense.

X - Enroll and participate in a treatment program for sex offenders as directed by the supervising parole officer.

X - Not operate, cause to operate, secure employment in, participate in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude services, dancing or exhibition.

X - Not participate in any volunteer activities or volunteer any services without prior written approval of my supervising officer. In the event any such volunteer activity or service is approved, I must provide written notification to the prospective recipient agency/person regarding my criminal history, as directed by my supervising parole officer.

X - Submit to polygraph examinations outside the treatment contract between the releasee and the registered sex offender treatment provider, as directed by the supervising parole officer and approved by the Board panel.

-6-

EXHIBIT D



# State of Texas

### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PARDONS AND PAROLE DIVISION
### Certificate of Parole
General conditions of parole release

Scanned OIMS

DEC 10 2009

by _____

| Name | TDCJ # | SID # |
|------|--------|-------|
| ROBERSON,STEVIE | 01222812 | 03036290 |

In consideration of the Parole granted as by the Board, I do hereby accept such Parole. I recognize that my release is conditional based upon my performance of the following terms and conditions:

1. I shall upon release from the institution, report immediately, as instructed to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer.
2. I shall commit no offense against the laws of this State or of any other State or of the United States.
3. I shall reside in a specified place as approved by my supervising officer.
4. I shall not travel outside the State of Texas without the approval of my supervising officer.
5. I shall not unlawfully own, possess, use, sell, nor have under my control any weapon or illegal weapon.
6. I shall avoid persons or places of disreputable or harmful character.
7. I shall not enter into any agreement to act as "Informer" or special agent for any law enforcement agency without specific written approval of the Parole Division Director or designee.
8. I shall abide by all Special Conditions imposed upon me by the Board.
9. General Provisions:
   A. I hereby agree to abide by all rules of Parole supervision imposed by Texas or the receiving state including, but not limited to, the requirement that I appear at any hearings or proceedings concerning alleged violations of Parole as required by the law of the receiving state, any state in which I may be found or the State of Texas. I further agree and consent that the receiving state, if I am under the Interstate Compact for Adult Offender Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
   B. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Interstate Compact for Adult Offender Supervision pursuant to Texas Government Code, Section 518.07 and/or rules enacted by the Interstate Commission on Adult Offender Supervision and if for any reason I may be outside of the State of Texas in violation of the terms and conditions of parole supervision I hereby agree to waive extradition to the State of Texas from any other state or territory jurisdiction in or outside of the United States where I may be found. I father agree that I will not in any manner contest any effort by the State of Texas, the receiving state or territory or any other state or territory jurisdiction in or outside the United States, to return me to the State of Texas.
   C. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my Parole Officer with documentation verifying payment of said amounts. I shall pay a supervision fee for each month that I am required to report to a Parole Officer as instructed by my Parole Officer.
   D. In the event I am placed in or allowed to reside in a halfway house or community residential facility, I hereby agree to go directly to and reside in the facility designated by the Parole Division until released by the Division. I shall abide by the rules of the facility and attend all required meetings. I shall not leave the physical confines of the facility and the property thereof, except for traveling to and from work, or as authorized by facility rules. During my stay, I shall pay 25% of my gross income to the facility if required. I shall leave all keys to any motor vehicle that I have use of with facility staff when the motor vehicle is not in use.
   E. As required by the Board, I shall obtain and keep in my possession a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. I shall present said identification to law enforcement or Texas Department of Criminal Justice officials upon request.
   F. If I am released to a detainer and deported outside the international borders of the United States prior to the maximum expiration date shown on this Release Certificate, I shall not enter the United States unlawfully. In the event that I gain lawful entry into the United States, I shall report immediately, as instructed to the office shown on this Release Certificate. If at any time prior to the maximum expiration date shown on this Release Certificate said detaining agency fails to exercise custody, I shall immediately upon release (within 24 hours) report as instructed to the office shown on this Release Certificate.

I HEREBY CERTIFY that I fully understand and agree to be bound by each of the conditions under which I am being released. I further understand and agree that a violation or refusal to comply with any of the conditions of supervision may be sufficient cause for revocation of supervision. I understand that when a warrant or a summons is issued that the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should supervision be continued. I UNDERSTAND AND AGREE THAT WHILE UNDER SUPERVISION I REMAIN IN THE LEGAL CUSTODY OF THE PAROLE DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE SUBJECT TO THE ORDERS OF THE BOARD AND PAROLE DIVISION.

AGREED AND SIGNED

x _Stevie Roberson_

**STEVIE ROBERSON**

DEC 0 8 2009

Date

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he/she has agreed to abide by the same upon release.

_____

**Parole Division Representative**

DEC 0 8 2009

Date

-7-

Page 3
Last Page